No. 23-13396

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

AMERICAN SECURITIES ASSOCIATION and CITADEL SECURITIES LLC,
Petitioners,

v.

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,
Respondent.
_____

ON PETITION FOR REVIEW OF SEPTEMBER 6, 2023 ORDER OF THE
U.S. SECURITIES AND EXCHANGE COMMISSION
_____

## MOTION FOR LEAVE TO INTERVENE BY
## THE NASDAQ STOCK MARKET LLC, NASDAQ BX, INC., NASDAQ GEMX, LLC, NASDAQ ISE, LLC, NASDAQ MRX, LLC, AND NASDAQ PHLX LLC

_____

Stephen J. Kastenberg
Paul Lantieri III
Timothy D. Katsiff
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

*Counsel for Proposed Intervenors The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, and Nasdaq PHLX LLC*

*American Securities Association, et al. v. United States Securities and Exchange Commission*,
No. 23-13396

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-1, Movants The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, and Nasdaq PHLX LLC provide the following certificate of interested persons.

The undersigned counsel of record certify that the following listed persons and entities as described in Eleventh Circuit Rule 26.1-2 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. **Altman, Jennifer G.**, Pillsbury Winthrop Shaw Pittman LLP, counsel for NYSE Intervenor-Applicants

2. **American Securities Association**, Petitioner

3. **ArentFox Schiff LLP**, counsel for Intervenor-Applicants Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe C2 Exchange, Inc., and Cboe Exchange, Inc.

4. **Borse Dubai Limited**, owner of more than 10% of Nasdaq, Inc.'s shares

5. **BOX Exchange LLC**, member and participant of CAT LLC

6. **Boyle, Gregory**, counsel for Consolidated Audit Trail, LLC

7. **Cboe BYX Exchange, Inc.**, member and participant of CAT LLC

8. **Cboe BZX Exchange, Inc.**, member and participant of CAT LLC

9. **Cboe C2 Exchange, Inc.**, member and participant of CAT LLC

10. **Cboe EDGA Exchange, Inc.**, member and participant of CAT LLC

11. **Cboe EDGX Exchange, Inc.**, member and participant of CAT LLC

12. **Cboe Exchange, Inc.**, member and participant of CAT LLC

13. **Cboe Global Markets, Inc. (BATS: CBOE)**, direct or indirect parent company of Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe C2 Exchange, Inc., and Cboe Exchange, Inc.

14. **Citadel Securities GP LLC**, parent company of Citadel Securities LLC

15. **Citadel Securities LLC**, Petitioner

16. **Connolly, J. Michael**, Consovoy McCarthy PLLC, counsel for Petitioner American Securities Association

17. **Consolidated Audit Trail, LLC**, a jointly owned limited liability company formed under Delaware state law through which the participants conduct the activities of the CAT NMS Plan

18. **Financial Industry Regulatory Authority, Inc.**, member and participant of CAT LLC

19. **Francisco, Noel J.**, Jones Day, counsel for Petitioner Citadel Securities LLC

20. **Gershengorn, Ian Heath**, counsel for Consolidated Audit Trail, LLC

21. **Greenwalt, Paul, III**, counsel for Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe C2 Exchange, Inc., and Cboe Exchange, Inc.

22. **Hoyt, Joshua T.**, Jones Day, counsel for Petitioner Citadel Securities LLC

23. **Intercontinental Exchange, Inc. (NYSE: ICE)**, indirect parent of NYSE Intervenor-Applicants

24. **International Securities Exchange Holdings, Inc.**, sole LLC member of

       Nasdaq GEMX LLC, Nasdaq ISE LLC, and Nasdaq MRX LLC

25. **Investor AB (Nasdaq Stockholm: INVEB)**, owner of more than 10% of Nasdaq, Inc.'s shares

26. **Investors' Exchange, LLC**, member and participant of CAT LLC

27. **Jenner & Block LLP**, counsel for Consolidated Audit Trail, LLC

28. **Kastenberg, Stephen J.**, Ballard Spahr LLP, counsel for Movants The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, and Nasdaq PHLX LLC

29. **Katsiff, Timothy D.**, Ballard Spahr LLP, counsel for Movants The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, and Nasdaq PHLX LLC

30. **Lantieri, Paul**, Ballard Spahr LLP, counsel for Movants The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, and Nasdaq PHLX LLC

31. **Long-Term Stock Exchange, Inc.**, member and participant of CAT LLC

32. **Lucas, Brinton**, Jones Day, counsel for Petitioner Citadel Securities LLC

33. **MacLean, Matthew J.**, Pillsbury Winthrop Shaw Pittman LLP, counsel for NYSE Intervenor-Applicants

34. **Matro, Daniel**, counsel for Respondent United States Securities and Exchange Commission

35. **MEMX LLC**, member and participant of CAT LLC

36. **Miami International Securities Exchange LLC**, member and participant of CAT LLC

37. **MIAX Emerald, LLC**, member and participant of CAT LLC

38. **MIAX PEARL, LLC**, member and participant of CAT LLC

39. **Molzberger, Michael**, counsel for Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe C2 Exchange, Inc., and Cboe Exchange, Inc.

40. **Nasdaq BX, Inc.**, Movant

41. **Nasdaq GEMX, LLC**, Movant

42. **Nasdaq, Inc. (Nasdaq: NDAQ)**, sole owner of LLC interest in The Nasdaq Stock Market LLC and Nasdaq PHLX LLC and parent company of Nasdaq BX, Inc.

43. **Nasdaq ISE, LLC**, Movant

44. **Nasdaq MRX, LLC**, Movant

45. **Nasdaq PHLX LLC**, Movant

46. **New York Stock Exchange LLC**, Intervenor-Applicant

47. **NYSE American LLC**, Intervenor-Applicant

48. **NYSE Arca, Inc.**, Intervenor-Applicant

49. **NYSE Chicago, Inc.**, Intervenor-Applicant

50. **NYSE National, Inc.**, Intervenor-Applicant

51. **Phillips, David**, Jones Day, counsel for Petitioner Citadel Securities LLC

52. **Rabbitt, Brian C.**, Jones Day, counsel for Petitioner Citadel Securities LLC

53. **Roth, Yaakov M.**, Jones Day, counsel for Petitioner Citadel Securities LLC

54. **The Nasdaq Stock Market LLC**, Movant

55. **The Vanguard Group, Inc.**, owned 10% or more of Cboe Global Markets, Inc.'s common stock as of June 30, 2023

56. **Thoma Bravo UGP, LLC**, owner of more than 10% of Nasdaq, Inc.'s shares

57. **Unikowsky, Adam**, counsel for Consolidated Audit Trail, LLC

58. **United States Securities and Exchange Commission**, Respondent

No publicly traded company or corporation, other than those identified above or in the certificates of interested persons filed by Petitioners on October 17, 2023 and October 31, 2023, and by Consolidated Audit Trail, LLC, the Cboe entities, and the NYSE entities on November 14, 2023, has an interest in the outcome of this case. Movants will file an amended certificate of interested persons should they become aware of a change in interests that would affect the disclosures as required by Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-4.

Date: November 16, 2023

/s/ *Stephen J. Kastenberg*
Stephen J. Kastenberg
Paul Lantieri III
Timothy D. Katsiff
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
kastenberg@ballardspahr.com
lantierip@ballardspahr.com
katsifft@ballardspahr.com

*Counsel for The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, and Nasdaq PHLX LLC*

The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, and Nasdaq PHLX LLC (collectively, "Nasdaq" or the "Nasdaq Entities"), respectfully request leave to intervene in support of Respondent, the United States Securities and Exchange Commission (the "Commission"), pursuant to Federal Rule of Appellate Procedure 15(d). The Commission has advised that it does not oppose Nasdaq's motion. Nasdaq easily satisfies the standard for intervention because it has a direct and substantial interest in this case, which involves the Commission's Order (the "Order") approving amendments to the National Market System Plan Governing the Consolidated Audit Trail (the "CAT NMS Plan"), a national market system plan applicable to the millions of transactions that occur daily on Nasdaq's exchanges.

## BACKGROUND

The Nasdaq Entities are private, self-regulatory organizations registered as national securities exchanges with the Commission. 15 U.S.C. § 78f. Along with other self-regulatory organizations, the Nasdaq Entities participate in the CAT NMS Plan (termed "Participants" in the Order).

On November 15, 2016, the Commission approved the CAT NMS Plan to create, implement, and maintain a consolidated audit trail (CAT) that would capture customer and order event information for orders in national market system securities. Joint Industry Plan; Ord. Approving the Nat'l Mkt. Sys. Plan Governing the

1

Consolidated Audit Trail, Exchange Act Release No. 79,318 (Nov. 15, 2016), 81 Fed. Reg. 84,696 (Nov. 23, 2016). Under the original CAT NMS Plan, Participants, including Nasdaq, paid costs associated with building and operating the CAT through fixed, tiered fees based on market share (the "Original Funding Model").[1] *Id.* Although the Original Funding Model contemplated that other market participants would share in these costs, it left such allocation to the future. *Id.*

Pursuant to Section 11A of the Securities Exchange Act of 1934 and Rule 608 of Regulation National Market System thereunder, "[a]ny two or more self-regulatory organizations," such as the Nasdaq Entities, "may file a national market system plan or may propose an amendment to an effective national market system plan . . . by submitting" it to the Commission. 17 C.F.R. § 242.608(a)(1); *see also* 15 U.S.C. § 78k-1.

On March 13, 2023, Consolidated Audit Trail, LLC ("CAT LLC"), the entity that was created to conduct activities related to the CAT and is jointly owned by the Participants, filed on behalf of the Participants a proposed amendment to the Original Funding Model. Under the amendment, fees are assessed based on transaction volume (the "Executed Share Model"). Joint Industry Plan; Notice of

---

[1] Under the Original Funding Model, Participants paid CAT costs via loans to CAT LLC. Joint Industry Plan; Notice of Filing of Amendment to the National Market System Plan Governing the Consolidated Audit Trail, Exchange Act Release No. 97,151 (Mar. 15, 2023), 88 Fed. Reg. 17,086 (Mar. 21, 2023).

Filing of Amend. to the Nat'l Mkt. Sys. Plan Governing the Consolidated Audit Trail, Exchange Act Release No. 97,151 (Mar. 15, 2023), 88 Fed. Reg. 17086 (Mar. 21, 2023). The Executed Share Model creates two categories of CAT fees: (1) fees payable by Participants and executing broker-dealers with regard to CAT costs not previously paid by the Participants ("Prospective CAT Costs"); and (2) fees payable by broker-dealers with regard to CAT costs previously paid by the Participants ("Historical CAT Assessments"). *Id.* For the Prospective CAT Costs, for each transaction, the relevant exchange pays one-third, and the executing brokers for buyer and seller each pay one-third. *Id.* For the Historical CAT Assessments, the executing brokers for buyer and seller will each pay one-third of the past CAT costs for each transaction, and Participants' one-third share is paid by canceling loans made to CAT LLC. *Id.*

On September 6, 2023, the Commission approved the proposal, with amendments. Joint Industry Plan; Ord. Approving an Amend. to the Nat'l Mkt. Sys. Plan Governing the Consolidated Audit Trail, Exchange Act Release No. 98,290 (Sep. 6, 2023), 88 Fed. Reg. 62,628.

The American Securities Association and Citadel Securities, LLC, filed their petition for review of the Commission's Order on October 17, 2023 (the "Petition").

3

**ARGUMENT**

Nasdaq seeks leave to intervene in support of the Commission pursuant to Federal Rule of Appellate Procedure 15(d). Nasdaq meets the standard for intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure, or in the alternative, permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure.[2]

**I.     Nasdaq easily satisfies the standard for intervention as of right.**

A proposed intervenor as of right must show that "(1) it timely applied; (2) it has an interest relating to the property or transaction that is the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) its interest is represented inadequately by the existing parties to the suit." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (internal quotations omitted). Nasdaq satisfies all four requirements, and is therefore entitled to intervene as of right.

*First*, intervention is timely. This motion was filed within thirty days of the Petition. *See* Fed. R. App. P. 15(d). Further, Nasdaq intervening at this time does not

---

[2]  Rule 15(d) of the Federal Rules of Appellate Procedure does not provide a standard governing intervention, so Courts applying the rule have turned for guidance to Rule 24 of the Federal Rules of Civil Procedure, governing intervention in district courts. *See, e.g.*, *Dayton Power & Light Co. v. FERC*, Nos. 21-4072, 22-3351, 23-3196/3324/3366/3417, 2023 U.S. App. LEXIS 20757, at *7–8 (6th Cir. Aug. 9, 2023).

prejudice any party; Nasdaq would be prejudiced by the denial of its motion to intervene; and there are no unusual circumstances militating against a finding of timeliness. *See Chiles*, 865 F. 2d at 1213 (listing the relevant timeliness factors).

*Second*, Nasdaq has the requisite "direct, substantial, legally protectable interest" in this proceeding. *See id.* The Commission's Order concerns the allocations of fees for which Nasdaq has been, and will be, responsible. CAT LLC proposed the Executed Share Model on behalf of Nasdaq and the other exchanges, as Participants in CAT LLC, and Nasdaq helped to develop the cost allocation. Therefore, the outcome of this Court's review will determine Nasdaq's legal obligations under the CAT NMS Plan.[3] Additionally, courts routinely allow Nasdaq to intervene when, as here, a petitioner seeks review of Commission action that fundamentally impacts Nasdaq's obligations and the functioning of the exchanges it operates.[4]

---

[3] For example, Participants are required to file the CAT fees to be charged to Industry Members. CAT NMS Plan, art. XI § 11.3(a)(i)(A)(I). *See also id.* at § 11.3(a)(iii)(B). More generally, the Exchange Act requires that national securities exchanges "provide for the equitable allocation of reasonable dues, fees, and other charges among its members and issuers and other persons using its facilities." 15 U.S.C. § 78f(b)(4).

[4] *See, e.g.*, Order, *All. for Fair Bd. Recruitment v. U.S. Sec. Exch. Comm'n*, No. 21-60626 (5th Cir. Sep. 8, 2021) (granting Nasdaq's motion to intervene to defend SEC approval of rules proposed by The Nasdaq Stock Market LLC); Order, *Chicago Bd. Options Exch., Inc. v. U.S. Sec. Exch. Comm'n*, No. 16-3423 (7th Cir. Oct. 14, 2016) (granting Nasdaq's motion to intervene in a matter relating to marketing fees that exchanges charged to market makers); Order, *Sec.*

5

*Third*, and relatedly, were the Court to reverse or modify the Order—Nasdaq believes it should not—Nasdaq will, as a practical matter, be unable to protect its interests in the Executed Share Model. Nasdaq supported submission and approval of the Executed Share Model because this Model provides a more equitable division of CAT fees than the Original Funding Model. Nasdaq also supported the Original Funding Model, and advanced significant funds as required thereby, because that Model explicitly envisioned it would be a temporary bridge to a permanent funding model that would include other market participants.

If the Executed Share Model were struck down, the decision would re-open the question of how to fund the CAT. Further, the CAT NMS Plan tracks orders throughout their life cycle and identifies the broker-dealers handling them, thus helping the exchanges and the Commission identify irregular trading. As such, it provides a regulatory system to facilitate the performance of the self-regulatory obligations of the exchanges. If Nasdaq is not permitted to intervene, it would be unable to participate in litigation that fundamentally affects its day-to-day operations

---

*Indus. & Fin. Mkts. Ass'n v. U.S. Sec. Exch. Comm'n*, No. 09-1045 (D.C. Cir. Mar. 20, 2009) (granting Nasdaq's and NYSE Arca, Inc.'s motions to intervene to defend a rule proposed by NYSE Arca, Inc., relating to fees charged for market data); Order, *Domestic Sec., Inc. v. U.S. Sec. Exch. Comm'n*, No. 02-1308 (D.C. Cir. Nov. 8, 2002) (granting Nasdaq's motion to intervene to defend a rule proposed by Nasdaq to implement a new trade execution system and a rule proposed by NASD governing the establishment and operation of an alternative display facility).

and discharge of its regulatory duties delegated by the Exchange Act.

*Finally*, no existing party adequately represents Nasdaq's interests. Nasdaq has its own unique interest in the outcome of this proceeding, separate and distinct from the other parties. Petitioners represent the interests of the broker-dealers who seek to overturn the Executed Share Model for purely economic reasons, and so "possess interests inimical to" Nasdaq's. *See Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).

The Commission represents the interests of the government in, among other things, upholding its rule-making authority. *See Georgia v. United States Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) ("agreement on [the] conclusion does not mean that [an existing party] and [a potential intervenor] have identical positions or interests"); *see also Meek v. Metropolitan Dade County.*, 985 F.2d 1471, 1478 (11th Cir. 1993) (finding inadequate representation because existing government party had to consider interests broader than movants', including "the overall fairness of the . . . system to be employed in the future, the expense of litigation to defend the existing system, and the social and political divisiveness of the . . . issue"). As a market operator, and as a national securities exchange approved by the SEC under Section 6(b) of the Exchange Act with its own regulatory obligations, Nasdaq's interests will be impaired by successful challenge to the Commission's Order, and these interests are distinct from the Commission's

interests in upholding its rule-making authority. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 539 (1972) (finding that a private party benefiting from a government agency's action may have a "narrower interest" than the public interest represented by the government agency); *see also Fund for Animals v. Norton*, 322 F.3d 728, 736–37 (D.C. Cir. 2003) (holding that, often, "governmental entities do not adequately represent the interests of aspiring intervenors").[5]

In sum, Nasdaq satisfies all requirements for intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure.

## II.     Alternatively, Nasdaq should be granted permissive intervention.

In the alternative, the Court should permit permissive intervention. Under Federal Rule of Civil Procedure 24(b), permissive intervention may be granted when the applicant's "claim or defense and the main action have a question of law or fact

---

[5] Nasdaq understands that CAT LLC may also seek to intervene in this proceeding. Although Nasdaq is not required to show that its interests differ from another intervening party in order to intervene as of right (*see* Fed. R. Civ. P. 24(a) ("[T]he court must permit anyone to intervene . . . unless *existing parties* adequately represent that interest" (emphasis added))), in any event, Nasdaq's interests are distinct from those of CAT LLC. CAT LLC has twenty-five member self-regulatory organizations (of which the Nasdaq movants are a minority), and as such, Nasdaq may emphasize matters differing from those of CAT LLC. This "difference in interests is sufficient to overcome the weak presumption of adequate representation." *Stone v. First Union Corp.*, 371 F.3d 1305, 1312 (11th Cir. 2004) (finding inadequate representation when existing party and intervenors sought the same outcome, but "may" have chosen to "emphasize" different arguments).

in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Georgia*, 302 F.3d at 1250 (citing *Walker v. Jim Dandy Co.*, 747 F.2d 1360, 1365 (11th Cir. 1984)). That standard, too, is easily satisfied here. The factual grounds and legal arguments that the Commission has raised to support its approval of the CAT NMS Plan, which are likely to be at issue in this case, are common with Nasdaq's own understanding of the relevant issues of fact and law. Nasdaq's intervention in this matter will not unduly prejudice or delay the adjudication of the rights of Petitioners or the Commission. Intervention "will not make the case substantially more complex," *United States v. Travelers Cas. & Sur. Co.*, No. 3:21-cv-614-MMH-JRK, 2021 U.S. Dist. LEXIS 218873, at *14 (M.D. Fla. Nov. 12, 2021), nor result in any procedural delay, as no briefing schedule has yet been set in this case and Nasdaq intends to participate in the briefing and argument on the same schedule as the parties. *See Georgia*, 302 F.3d at 1259–60 (finding no prejudice to existing parties where intervention "did not delay the proceedings and the court had yet to take significant action").

## CONCLUSION

For these reasons, Nasdaq respectfully requests that the Court grant its motion for leave to intervene either as a matter of right or by permission.

Date: November 16, 2023

9

*/s/ Stephen J. Kastenberg*
Stephen J. Kastenberg
Paul Lantieri III
Timothy D. Katsiff
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.665.8500
Facsimile: 215.864.8999
kastenberg@ballardspahr.com
lantierip@ballardspahr.com
katsifft@ballardspahr.com

*Counsel for The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, and Nasdaq PHLX LLC*

## CERTIFICATE OF SERVICE

I certify that, on November 16, 2023, I electronically filed the foregoing with the United States Court of Appeals for the Eleventh Circuit through the Court's CM/ECF system. Parties represented by registered CM/ECF users will be served by the CM/ECF system.

*/s/ Stephen J. Kastenberg*
Stephen J. Kastenberg

## CERTIFICATE OF CONFERENCE

I certify that counsel for Nasdaq conferred with counsel for all parties. Only Petitioners are opposed to the relief sought by this motion.

*/s/ Stephen J. Kastenberg*
Stephen J. Kastenberg

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

Pursuant to Federal Rule of Appellate Procedure Rule 32(g)(1), I certify that this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 27(d)(1) because this motion was prepared in 14-point Times New Roman, a proportionally-spaced typeface, using Microsoft Word 2016. *See also* Fed. R. App. P. 32(a)(5)–(6). This motion complies with the type-volume limitation of

Federal Rule of Appellate Procedure 27(d)(2) because it contains 2,249 words, excluding the parts exempted under Rule 32(f). As permitted by Federal Rule of Appellate Procedure 32(g)(1), the undersigned has relied upon the word count feature of Microsoft Word 2016 in preparing this certificate.

 I further certify that: (1) all required privacy redactions have been made, (2) the electronic submission is an exact copy of any corresponding paper document, and (3) the motion has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

             */s/ Stephen J. Kastenberg*
             Stephen J. Kastenberg