No. 23-13396

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

*American Securities Association et al.,*
Petitioners,

*v.*

*United States Securities and Exchange Commission,*
Respondent

## Motion to Intervene by
Intervenor-Movants New York Stock Exchange LLC, NYSE American LLC, NYSE Arca, Inc., NYSE Chicago, Inc., and NYSE National, Inc.

Jennifer G. Altman
Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue
Suite 3100
Miami, Florida 33131
Tel: 786-913-4831
*jennifer.altman@pillsburylaw.com*

Matthew J. MacLean
(*pro hac vice* motion forthcoming)
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW
Washington, DC 20036
Tel: 202-663-8183
*matthew.maclean@pillsburylaw.com*

*Counsel for NYSE Intervenors*

*American Securities Association, et al. v.*
*United States Securities and Exchange Commission*
No. 23-13396

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-1, Intervenor-Movants New York Stock Exchange LLC, NYSE American LLC, NYSE Arca, Inc., NYSE Chicago, Inc., and NYSE National, Inc. (the "NYSE Intervenors") hereby submit this certificate of interested persons and corporate disclosure statement:

### **CERTIFICATE OF INTERESTED PERSONS**

1. **Altman, Jennifer G.**, Pillsbury Winthrop Shaw Pittman LLP, counsel for NYSE Intervenors

2. **American Securities Association**, Petitioner

3. **BOX Exchange LLC**; member and participant of Consolidated Audit Trail, LLC

4. **Boyle, Gregory M.**, Jenner & Block LLP, counsel for Consolidated Audit Trail, LLC, Intervenor

5. **Cboe BYX Exchange, Inc.**; member and participant of Consolidated Audit Trail, LLC

6. **Cboe BZX Exchange, Inc.**; member and participant of Consolidated Audit Trail, LLC

7. **Cboe C2 Exchange, Inc.**; member and participant of Consolidated Audit Trail, LLC

8. **Cboe EDGA Exchange, Inc.**; member and participant of Consolidated Audit Trail, LLC

9. **Cboe EDGX Exchange, Inc.**; member and participant of Consolidated Audit Trail, LLC

10. **Cboe Exchange, Inc.**; member and participant of Consolidated Audit Trail, LLC

11. **Cboe Global Markets, Inc., (CBOE)**; direct or indirect parent company of Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe C2 Exchange, Inc., and Cboe Exchange, Inc.

12. **Citadel Securities GP LLC**, parent company of Citadel Securities LLC

13. **Citadel Securities LLC**, Petitioner

14. **Connolly, J. Michael**, Consovoy McCarthy PLLC, counsel for Petitioner American Securities Association

15. **Consolidated Audit Trail, LLC**, Intervenor

16. **Financial Industry Regulatory Authority, Inc.**, member and participant of Consolidated Audit Trail, LLC

17. **Francisco, Noel J.**, Jones Day, counsel for Petitioner Citadel Securities LLC

18. **Gershengorn, Ian Health**, Jenner & Block LLP, counsel for Consolidated Audit Trail, LLC, Intervenor

19. **Greenwalt, Paul, III**; ArentFox Schiff LLP, counsel for Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe C2 Exchange, Inc., and Cboe Exchange, Inc.

20. **Hoyt, Joshua T.**, Jones Day, counsel for Petitioner Citadel Securities LLC

21. **Intercontinental Exchange, Inc. (ICE)**, indirect parent of NYSE Intervenors

22. **Investors' Exchange, LLC**, member and participant of Consolidated Audit Trail, LLC

23. **Kastenberg, Stephen J.**, Ballard Spahr LLP, counsel for The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC and Nasdaq PHLX LLC

24. **Katsiff, Timothy D.**, Ballard Spahr LLP, counsel for The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC and Nasdaq PHLX LLC

25. **Long-Term Stock Exchange, Inc.**, member and participant of Consolidated Audit Trail, LLC

26. **Lucas, Brinton**, Jones Day, counsel for Petitioner Citadel Securities LLC

27. **MacLean, Matthew J.**, Pillsbury Winthrop Shaw Pittman LLP, counsel for NYSE Intervenors

28. **Matro, Daniel**, U.S. Securities and Exchange Commission, counsel for Respondent United States Securities and Exchange Commission

29. **MEMX LLC**, member and participant of Consolidated Audit Trail, LLC

30. **Miami International Securities Exchange LLC**, member and participant of Consolidated Audit Trail, LLC

31. **MIAX Emerald, LLC**; member and participant of Consolidated Audit Trail, LLC

32. **MIAX PEARL, LLC**; member and participant of Consolidated Audit Trail, LLC

33. **Molzberger, Michael**, ArentFox Schiff LLP, counsel for Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe C2 Exchange, Inc., and Cboe Exchange, Inc.

34. **NASDAQ BX, Inc.**; member and participant of Consolidated Audit Trail, LLC

35. **NASDAQ GEMX, LLC**; member and participant of Consolidated Audit Trail, LLC

36. **NASDAQ ISE, LLC**; member and participant of Consolidated Audit Trail, LLC

37. **NASDAQ MRX, LLC**; member and participant of Consolidated Audit Trail, LLC

38. **NASDAQ PHLX LLC**; member and participant of Consolidated Audit Trail, LLC

39. **New York Stock Exchange LLC**, Intervenor

40. **NYSE American LLC**, Intervenor

41. **NYSE Arca, Inc.**, Intervenor

42. **NYSE Chicago, Inc.**, Intervenor

43. **NYSE National, Inc.**, Intervenor

44. **Nasdaq BX, Inc.**, Intervenor

45. **Nasdaq GEMX, LLC**, Intervenor

46. **Nasdaq ISE, LLC**, Intervenor

47. **Nasdaq MRX, LLC**, Intervenor

48. **Nasdaq PHLX LLC**, Intervenor

49. **Phillips, David**, Jones Day, counsel for Petitioner Citadel Securities LLC

50. **Rabbitt, Brian C.**, Jones Day, counsel for Petitioner Citadel Securities LLC

51. **Roth, Yaakov M.,** Jones Day, counsel for Petitioner Citadel Securities LLC

52. **The Nasdaq Stock Market LLC**, Intervenor

53. **Unikowsky, Adam G.**, Jenner & Block LLP, counsel for Consolidated Audit Trail, LLC, Intervenor

54. **United States Securities and Exchange Commission**, Respondent

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-2, the undersigned counsel hereby certifies that Intervenor-Movants New York Stock Exchange LLC, NYSE American LLC, NYSE Arca, Inc., NYSE Chicago, Inc., and NYSE National, Inc. are indirect wholly-owned subsidiaries of Intercontinental Exchange, Inc., which is publicly traded under the stock symbol "ICE." ICE has no parent corporation and, as of the date hereof, no publicly held company owns 10% or more of its stock.

*American Securities Association, et al. v.*
*United States Securities and Exchange Commission*
No. 23-13396

# MOTION TO INTERVENE

Pursuant to Rule 15(d) of the Federal Rules of Appellate Procedure and Eleventh Circuit Rule 15-4, Intervenor-Movants New York Stock Exchange LLC, NYSE American LLC, NYSE Arca, Inc., NYSE Chicago, Inc., and NYSE National, Inc. (the "NYSE Intervenors") move to intervene in support of Respondent U.S. Securities and Exchange Commission ("SEC") in the above-captioned case.

Petitioners in this matter are seeking review of the SEC's Order Approving an Amendment to the National Market System Plan Governing the Consolidated Audit Trail, 88 Fed. Reg. 62,628 (Sep. 12, 2023) ("Order Approving Amendment"), which amended the National Market System Plan Governing the Consolidated Audit Trail ("CAT NMS Plan") to establish a revised funding model and fee schedule for CAT NMS Plan participants and industry members. This amendment was proposed by CAT LLC on behalf of its members, the self-regulatory organization participants, including the NYSE Intervenors, in March 2023.

Courts applying Fed. R. App. P. 15(d) have turned for guidance to Fed. R. Civ. P. 24, governing intervention in district courts. *See, e.g., Texas v. U.S. Dep't of Energy*, 754 F.2d 550, 551 (5th Cir. 1985). Fed. R. Civ. P. 24(a)(2) allows intervention as of right if four requirements are met:

    (1) the application for intervention must be timely;

    (2) the applicant must have an interest relating to the property or transaction which is the subject of the action;

    (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and

    (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Id.*; *see also Loyd v. Ala. Dep't of Corrections*, 176 F.3d 1336, 1339-40 (11th Cir. 1999). The NYSE Intervenors meet all four requirements, and they should therefore be allowed to intervene.

    *Timeliness*. The NYSE Intervenors filed this motion to intervene within 30 days after the filing of the petition for review, as required by Fed. R. App. P. 15(d) and Eleventh Circuit Rule 15-4.

    *Interest relating to the subject of the action.* The NYSE Intervenors are self-regulatory organizations, or "SROs," with responsibility under the Securities and Exchange Act and SEC rules to administer aspects of the self-regulation of their securities markets. *See* 88 Fed. Reg. at 62,672. They and other SROs were required by Rule 613 of Regulation National Market System ("Reg NMS") to propose the CAT NMS Plan, which the SEC approved on November 15, 2016. Securities Exchange Act Release No. 78318 (Nov. 15, 2016), 81 Fed. Reg. 84696 (Nov. 23,

2016). As the SEC recognized, the consolidated audit trail, the funding of which is the principal purpose of Order Approving Amendment, has "regulatory and enforcement utility" to the NYSE Intervenors and other SROs. 88 Fed. Reg. at 62,672.

Each of the NYSE Intervenors is a "Participant" in the CAT NMS Plan and a member of the Operating Committee of Consolidated Audit Trail, LLC ("CAT LLC"). *See* 88 Fed. Reg. at 62,628 n. 1. By virtue of their role as Participants, each of the NYSE Intervenors is required to participate in the funding of the consolidated audit trail and is subject to the revised funding model and fee schedule for CAT NMS Plan Participants established by the SEC's Order Approving Amendment, which allocates CAT LLC's costs among CAT NMS Plan Participants and industry members. The Order Approving Amendment provides for CAT LLC to use collected funds to repay in part loan notes extended by the Participants, including the NYSE Intervenors, to fund CAT LLC's operations. 88 Fed. Reg. at 62,630, 62,664, and 62,666. Therefore, the NYSE Intervenors have a direct pecuniary interest in the outcome of this Court's review of the Order Approving Amendment. Accordingly, each of the NYSE Intervenors is "at least a real party in interest in the transaction which is the subject of the proceeding" with "a direct, substantial, legally

protectable interest in the proceedings." *Worlds v. Dep't of Health and Rehabilitative Services*, 929 F.2d 591, 594 (11th Cir. 1991) (citations omitted).

*Disposition of the action may impair or impede NYSE Intervenors' interests.* Whether the intervenor's interest may be impaired or impeded by the action is answered with reference to the nature of the interest in relation to the subject of the action. *Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989). If Petitioners' challenge to Order Approving Amendment is successful, the NYSE Intervenors' interests in securing funding for the operation of CAT LLC and for the repayment of the NYSE Intervenors' loan notes to CAT LLC will be harmed and impeded, as that order established a funding model which would ensure costs of the CAT were allocated equitably and would enable NYSE Intervenors to recoup funds for the repayment of their loan notes. The inability to recoup funds for the repayment of their loan notes and secure future funding could also jeopardize the NYSE Intervenors' ability to meet its regulatory obligations under the CAT NMS Plan and Rule 613 of Reg NMS.

*Inadequacy of representation of interests by existing parties.* "[T]he inadequate representation requirement 'is satisfied if the [proposed intervenor] shows that representation of his interest 'may be' inadequate'" and that "the burden of making that showing should be treated as minimal." *Id.* (quoting *Trbovich v.*

*United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10 (1972)). The NYSE Intervenors' interests cannot be represented adequately by the SEC. "A government entity … is charged by law with representing the public interest of its citizens. [A private entity], on the other hand, is seeking to protect a more narrow and 'parochial' financial interest" that is not "subsumed" within the shared public interest. *Diamond v. District of Columbia*, 792 F.2d 179, 192-93 (D.C. Cir. 1986); *see also Fund For Animal, Inc. v. Norton*, 322 F.3d 728, 737 (D.C. Cir. 2003). Therefore, courts generally have not found private intervenors to be adequately represented by government agencies. *Id.* Here, the NYSE Intervenors have unique pecuniary and other interests that are not shared by the SEC, and which the SEC has no inherent interest in protecting.

The NYSE Intervenors' interests also are distinct from CAT LLC's interests. Although the NYSE Intervenors and CAT LLC share certain interests in obtaining funding for CAT LLC and administering the CAT NMS Plan, the NYSE Intervenors' pecuniary interests in obtaining repayment of their loans to CAT LLC are of a different nature than CAT LLC's interests. Further, the NYSE Intervenors, unlike CAT LLC, are SROs with regulatory obligations to comply with Rule 613 and the CAT NMS Plan, as well as a regulatory interest in the ability to surveil their markets and enforce SRO rules and federal securities laws. These constitute a sufficient

divergence of interest to entitle the NYSE Intervenors to intervene separately from CAT LLC.

Because the Order Approving Amendment and any successful challenge to that order would affect the NYSE Intervenors' obligations with respect to funding of the CAT NMS Plan and payment of fees on transactions, each of the NYSE Intervenors is a party "whose interests are affected by the order of the agency" who may intervene as a matter of right under Fed. R. App. Pro. 15(d), as informed by Fed. R. Civ. P. 24(a).

Alternatively, the NYSE Intervenors also easily satisfy the less stringent standard for permissive intervention under Fed. R. Civ. P. 24(b) because they have "a claim or defense that shares with the main action a common question of law or fact" and their intervention will not "unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b).

Accordingly, the NYSE Intervenors request leave to intervene.

*American Securities Association, et al. v.*
*United States Securities and Exchange Commission*
No. 23-13396

Dated:  November 16, 2023.

Respectfully submitted,

**New York Stock Exchange LLC**
**NYSE American LLC**
**NYSE Arca, Inc.**
**NYSE Chicago, Inc.**
**NYSE National, Inc.**

*/s/ Jennifer G. Altman*
Jennifer G. Altman
Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue
Suite 3100
Miami, Florida  33131
Tel:  786-913-4831
*jennifer.altman@pillsburylaw.com*


Matthew J. MacLean
(*pro hac vice* motion forthcoming)
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW
Washington, DC  20036
Tel:  202-663-8183
*matthew.maclean@pillsburylaw.com*

*Counsel for NYSE Intervenors*

*American Securities Association, et al. v.
United States Securities and Exchange Commission*
No. 23-13396

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on November 16, 2023, a copy of the foregoing was served upon counsel of record for all parties by filing through the electronic case filing system.

*/s/ Jennifer G. Altman*
Jennifer G. Altman

## CERTIFICATE OF CONFERRAL

The NYSE Intervenors represent that they conferred in good faith with the parties to this appeal and represent that Respondent United States Securities and Exchange Commission consents to the instant motion, but Petitioners American Securities Association and Citadel Securities LLC do not consent.

*/s/ Jennifer G. Altman*
Jennifer G. Altman

*American Securities Association, et al. v.*
*United States Securities and Exchange Commission*
No. 23-13396

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

Pursuant to Federal Rule of Appellate Procedure Rule 32(g)(1), I certify that this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 27(d)(1) because this motion was prepared in 14-point Times New Roman, a proportionally-spaced typeface, using Microsoft Word 2016. *See also* Fed. R. App. P. 32(a)(5)-(6). This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,268 words, excluding the parts exempted under Rule 32(f). As permitted by Federal Rule of Appellate Procedure 32(g)(1), the undersigned has relied upon the word count feature of Microsoft Word 2016 in preparing this certificate.

I further certify that: (1) all required privacy redactions have been made, (2) the electronic submission is an exact copy of any corresponding paper document, and (3) the motion has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

                                                    */s/ Jennifer G. Altman*
                                                    Jennifer G. Altman