No. 23-13396, *Am. Sec. Ass'n v. U.S. Sec. & Exch. Comm'n*

**No. 23-13396**

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

AMERICAN SECURITIES ASSOCIATION, CITADEL SECURITIES LLC,
*Petitioners*,

v.

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,
*Respondent*.

---

**CONSOLIDATED AUDIT TRAIL, LLC'S
MOTION FOR LEAVE TO INTERVENE**

---

IAN HEATH GERSHENGORN
JENNER & BLOCK LLP
1099 New York Avenue NW
Suite 900
Washington, DC 20001
(202) 639-6000
IGershengorn@jenner.com

No. 23-13396, *Am. Sec. Ass'n v. U.S. Sec. & Exch. Comm'n*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The undersigned counsel represents Consolidated Audit Trail, LLC. Pursuant to Eleventh Circuit Rule 26.1-1 through 26.1-3 and Federal Rule of Appellate Procedure 26.1, the undersigned counsel hereby certifies that, to the best of its knowledge, the Certificate of Interested Persons set forth in Petitioners' petition for review is complete, subject to the following additions:

- Consolidated Audit Trail, LLC

- BOX Exchange LLC

- Boyle, Gregory (counsel for Consolidated Audit Trail, LLC)

- Cboe BYX Exchange, Inc.

- Cboe BZX Exchange, Inc.

- Cboe C2 Exchange, Inc.

- Cboe EDGA Exchange, Inc.

- Cboe EDGX Exchange, Inc.

- Cboe Exchange, Inc.

- Financial Industry Regulatory Authority, Inc.

- Gershengorn, Ian Heath (counsel for Consolidated Audit Trail, LLC)

- Investors Exchange LLC

- Jenner & Block LLP

C-1 of 3

USCA11 Case: 23-13396    Document: 30    Date Filed: 11/16/2023    Page: 3 of 14

No. 23-13396, *Am. Sec. Ass'n v. U.S. Sec. & Exch. Comm'n*

- Long-Term Stock Exchange, Inc.

- MEMX LLC

- Miami International Securities Exchange, LLC

- MIAX Emerald, LLC

- MIAX PEARL, LLC

- Nasdaq BX, Inc.

- Nasdaq GEMX, LLC

- Nasdaq ISE, LLC

- Nasdaq MRX, LLC

- Nasdaq PHLX LLC

- The Nasdaq Stock Market LLC

- New York Stock Exchange LLC

- NYSE American LLC

- NYSE Arca, Inc.

- NYSE Chicago, Inc.

- NYSE National, Inc.

- Unikowsky, Adam (counsel for Consolidated Audit Trail, LLC)

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, counsel for Consolidated Audit Trail, LLC, hereby certifies that Consolidated Audit Trail, LLC, has no parent corporation.  The following

No. 23-13396, *Am. Sec. Ass'n v. U.S. Sec. & Exch. Comm'n*

three publicly held companies have an indirect ownership interest in Consolidated

Audit Trail, LLC, of 10% or more: Cboe Global Markets (CBOE); Intercontinental

Exchange, Inc. (ICE); and Nasdaq, Inc (NDAQ).

Date: November 16, 2023            */s/*   Ian Heath Gershengorn

On October 17, 2023, Petitioners American Securities Association and Citadel Securities LLC petitioned this Court for review of the order of the Securities and Exchange Commission ("SEC") approving an amendment to the National Market System Plan Governing the Consolidated Audit Trail. *See* Joint Industry Plan; Order Approving an Amendment to the National Market System Plan Governing the Consolidated Audit Trail, Securities Exchange Act Release No. 98290, 88 Fed. Reg. 62628, 62629 (Sept. 12, 2023) ("SEC Order").

Pursuant to Federal Rule of Appellate Procedure 15(d) and Eleventh Circuit Rule 15-4, Consolidated Audit Trail, LLC ("CAT LLC") moves to intervene in support of the SEC. The SEC does not oppose this motion. Petitioners Citadel Securities LLC and American Securities Association oppose this motion.

## BACKGROUND

"'[S]elf-regulatory organizations'" or "SROs" have a "prominent role in the administration and enforcement of federal securities laws." *Turbeville v. Fin. Indus. Regul. Auth.*, 874 F.3d 1268, 1270 (11th Cir. 2017). In 2012, the SEC adopted a rule requiring certain SROs to submit a "national market system plan" or "NMS plan," to maintain a consolidated audit trail ("CAT") to capture information for order events in national market system securities. 10 C.F.R. § 242.613. The SEC approved the CAT NMS plan in 2016. Joint Industry Plan; Order Approving the Na-

1

tional Market System Plan Governing the Consolidated Audit Trail, Securities Exchange Act Release No. 79318, 81 Fed. Reg. 84696 (Nov. 23, 2016). The SROs participating in the CAT[1] are members of and jointly own a limited liability company, CAT LLC, which conducts the activities of the CAT. SEC Order, 88 Fed. Reg. at 62628 n.2.

The SEC's 2016 order approving the CAT NMS Plan provided that CAT LLC's Operating Committee had the discretion, subject to certain general funding principles set forth in the CAT NMS Plan ("Original Funding Principles"), to apportion funding for CAT LLC to operate the CAT. SEC Order, 88 Fed. Reg. at 62628. Prior to the 2023 SEC Order, however, CAT LLC shouldered the costs of creating, developing, and maintaining the CAT—to the tune of more than $500 million dollars since 2016. *Id.* at 62662 n.749, 62682 n.1102.

In March 2023, CAT LLC, on behalf of its SRO participants, proposed an amendment that would implement a revised funding model, replacing the Original Funding Principles, and a fee schedule for CAT fees. Joint Industry Plan; Notice of

---

[1] Those SROs are: BOX Exchange LLC; Cboe BYX Exchange, Inc.; Cboe BZX Exchange, Inc.; Cboe C2 Exchange, Inc.; Cboe EDGA Exchange, Inc.; Cboe EDGX Exchange, Inc.; Cboe Exchange, Inc.; The Financial Industry Regulatory Authority, Inc. (''FINRA''); Investors Exchange LLC; Long-Term Stock Exchange, Inc.; MEMX LLC; Miami International Securities Exchange, LLC; MIAX Emerald, LLC; MIAX PEARL, LLC; Nasdaq BX, Inc.; Nasdaq GEMX, LLC; Nasdaq ISE, LLC; Nasdaq MRX, LLC; Nasdaq PHLX LLC; The Nasdaq Stock Market LLC; New York Stock Exchange LLC; NYSE American LLC; NYSE Arca, Inc.; NYSE Chicago, Inc.; and NYSE National, Inc.

Filing of Amendment to the National Market System Plan Governing the Consolidated Audit Trail, Securities Exchange Act Release No. 97151, 88 Fed. Reg. 17086 (Mar. 21, 2023).  Specifically, the proposed funding model would ensure that the costs of operating the CAT were allocated equitably by "assess[ing] an equal fee to the three primary roles in a transaction:  the buyer, seller[,] and market regulator." SEC Order, 88 Fed. Reg. at 62629.

In September 2023, following notice and extensive comment from stakeholders, the SEC issued an order approving that amendment.  *Id.* at 62628.  Petitioners, who object to the fee allocation, now seek review of that order.

## ARGUMENT

Federal Rule of Appellate Procedure 15(d) authorizes motions to intervene in proceedings seeking review of agency actions.  Rule 15(d) requires that motions "contain a concise statement of the interest of the moving party and the grounds for intervention."  "No statute or rule provides a general standard to apply in deciding whether intervention on appeal should be allowed."  *Cameron v. EMW Women's Surgical Ctr., PSC*, 142 S. Ct. 1002, 1010 (2022).  As such, courts consider "the policies underlying intervention in the district courts," *id.* (quotation marks and citation omitted), including "the 'legal interest' that a party seeks to 'protect' through intervention on appeal."  *Id.* (quoting Fed. R. Civ. P. 24(a)(2)).  Federal Rule of Civil Procedure 24(a)(2), in turn, provides that a court must permit intervention to anyone

3

who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[2]

CAT LLC satisfies this standard. CAT LLC plainly has a substantial legal interest in this appeal: CAT LLC is the very subject of the SEC Order, and CAT LLC's ability to fund its operations are at stake. CAT LLC is the entity that proposed the amendment at issue in this proceeding. SEC Order, 66 Fed. Reg. at 62628. CAT LLC submitted that proposal so that its SRO participants could "recoup their significant expenditures on the development of CAT to date while ensuring funding for future operations of the system." *Id.* at 62629. Under the SEC Order, costs for operating the CAT will be allocated equitably among market participants, allowing CAT LLC's SRO participants to recover hundreds of millions of dollars in expenses they have borne in operating the CAT. *See id.* at 62662 & n.1102 (discussing the $518 million in historical costs the participants have incurred). Thus, CAT LLC has an "interest" in the "property or transaction" at issue in this appeal, and "disposing of [this] action may as a practical matter impair or impede [CAT LLC's] ability to protect its interest." Fed. R. Civ. P. 24(a)(2).

---

[2] Rule 24(a) requires a "timely motion." That requirement is satisfied here, as CAT LLC has filed its motion within the 30-day limit in Federal Rule of Appellate Procedure 15(d).

4

Indeed, this Court and other circuits routinely allow private parties to intervene in appeals from administrative agencies when the private party is the proponent or subject of the agency order under review. *See, e.g.*, *Autauga Cnty. Emergency Mgmt. Commc'n Dist. v. FCC*, 17 F.4th 88, 98 (11th Cir. 2021) (authorizing Bell-South and trade associations to intervene in appeal concerning fees that BellSouth would owe); *Ala. Env't Council v. EPA*, 711 F.3d 1277, 1284, 1292 (11th Cir. 2013) (authorizing Alabama Power to intervene in appeal of approval order benefiting Alabama Power); *All. for Fair Bd. Recruitment v. SEC*, 85 F.4th 226, 239 (5th Cir. 2023) (authorizing Nasdaq to intervene in appeal to defend SEC approval of rules proposed by The Nasdaq Stock Market LLC); *Cboe Futures Exch., LLC v. SEC*, 77 F.4th 971, 976 (D.C. Cir. 2023) (authorizing MGEX, a futures market participant, to intervene in appeal concerning order exempting MGEX from certain regulatory requirements); *Bloomberg L.P. v. SEC*, 45 F.4th 462, 465 (D.C. Cir. 2022) (authorizing FINRA to intervene in appeal concerning reporting requirements that FINRA proposed). Here, CAT LLC is both the proponent and the subject of the SEC's order. Thus, it should be permitted to intervene.

Further, the SEC does not adequately represent CAT LLC's interests. As the Supreme Court has recently made clear, this requirement presents "proposed intervenors with only a minimal challenge." *Berger v. N.C. State Conf. of the NAACP*, 142 S. Ct. 2191, 2203 (2022). That "minimal challenge" is easily met when a private

entity seeks to intervene on the side of the government.  For example, in *Trbovich v. Mine Workers*, 404 U.S. 528 (1972), the Court held that a union member was entitled to intervene in a lawsuit brought by the Secretary of Labor, when the union member had filed the administrative complaint that triggered the lawsuit.  "At a high level of abstraction, the union member's interest and the Secretary's might have seemed closely aligned."  *Berger*, 142 S. Ct. at 2203–04 (citing *Trbovich*, 404 U.S. at 529–30).  But although the "Secretary's and union member's interests were 'related,'" "the interests were not 'identical.'"  *Id.* at 2204 (quoting *Trbovich*, 404 U.S. at 538–39).

Consistent with those principles, lower courts have consistently held that for purposes of Rule 24(a)(2), a private entity's "pecuniary interest" is "qualitatively different" from a government's "sovereign interests."  *Huff v. Comm'r of IRS*, 743 F.3d 790, 800 (11th Cir. 2014); *see also Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736–37 (D.C. Cir. 2003) (noting that "we have often concluded that governmental entities do not adequately represent the interests of aspiring intervenors," such as when the private intervenor "is seeking to protect a more narrow and 'parochial' financial interest not shared" more broadly).  Moreover, the SEC "do[es] not have the same institutional knowledge" regarding CAT LLC's operations as CAT LLC itself.  *Huff*, 743 F.3d at 800.  As such, the SEC does not adequately represent CAT LLC's interests, warranting CAT LLC's participation as an intervenor.

6

It follows that CAT LLC also satisfies the less-demanding standard for permissive intervention, which requires only a showing that the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact" and that the intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B); *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1250 (11th Cir. 2002). For the same reasons that CAT LLC has a substantial legal interest in the subject matter of this appeal—that is, that it proposed the amendment that the SEC approved and that the Petitioners now seek to challenge, and it is the very subject of that order—it shares in the legal and factual questions likely to be raised in this case. Moreover, intervention by CAT LLC will not delay or prejudice adjudication of Petitioners' or the SEC's rights. *See Atlantis Dev. Corp. v. United States*, 37 F.2d 818, 823 (5th Cir. 1967) (holding that "no possible intrinsic prejudice can occur" where "[n]othing has happened in this case since the filing of the pleadings"). CAT LLC's intervention will neither make the case substantially more complex nor cause procedural delay, as CAT LLC intends to follow the same briefing schedule as the rest of the parties.

## CONCLUSION

CAT LLC's motion to intervene should be granted.

7

November 16, 2023                    Respectfully submitted,

                                    /s/   Ian Heath Gershengorn

                                    JENNER & BLOCK LLP
                                    1099 New York Avenue NW
                                    Suite 900
                                    Washington, DC 20001
                                    (202) 639-6000


                        *Counsel for CAT LLC*

**CERTIFICATE OF COMPLIANCE**

Under Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure, I certify this motion complies with the length limits set forth Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,704 words, as counted by Microsoft Word, excluding the items that may be exempted under Federal Rule of Appellate Procedure 27(a)(2)(B).

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word 365 in 14-point Times New Roman font.

*/s/*   Ian Heath Gershengorn

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2023, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Ian Heath Gershengorn