**No. 23-13396**

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

AMERICAN SECURITIES ASSOCIATION AND CITADEL SECURITIES LLC,
*Petitioners*,

v.

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,
*Respondent*.

---

On Petition for Review of September 6, 2023 Order of the
United States Securities and Exchange Commission

---

## MOTION FOR LEAVE TO INTERVENE IN SUPPORT OF RESPONDENT BY CBOE BYX EXCHANGE, INC., CBOE BZX EXCHANGE, INC., CBOE C2 EXCHANGE, INC., CBOE EDGA EXCHANGE, INC., CBOE EDGX EXCHANGE, INC., AND CBOE EXCHANGE, INC.

---

Paul E. Greenwalt III
Michael K. Molzberger
ARENTFOX SCHIFF LLP
233 S. Wacker Dr., Suite 7100
Chicago, IL 60606
Phone: (312) 258-5500
paul.greenwalt@afslaw.com
michael.molzberger@afslaw.com

*Counsel for Proposed Intervenors Cboe
BYX Exchange, Inc., Cboe BZX Exchange,
Inc., Cboe C2 Exchange, Inc., Cboe EDGA
Exchange, Inc., Cboe EDGX Exchange, Inc.,
and Cboe Exchange, Inc.*

*American Securities Association et al. v. United States Securities and Exchange Commission*,
Case No. 23-13396

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, the undersigned counsel of record for Movants Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc., certifies that the persons and entities below are currently known to have an interest in the outcome of this case:

1. **Altman, Jennifer G.**, Pillsbury Winthrop Shaw Pittman LLP, counsel for NYSE Intervenor-Applicants

2. **American Securities Association**, Petitioner

3. **ArentFox Schiff LLP**, counsel for Intervenor-Applicants Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe C2 Exchange, Inc., and Cboe Exchange, Inc.

4. **Borse Dubai Limited**, owner of more than 10% of Nasdaq, Inc.'s shares

5. **BOX Exchange LLC**, member and participant of Consolidated Audit Trail, LLC

6. **Boyle, Gregory**, counsel for Consolidated Audit Trail, LLC

7. **Cboe BYX Exchange, Inc.**, Intervenor-Applicant

8. **Cboe BZX Exchange, Inc.**, Intervenor-Applicant

9. **Cboe C2 Exchange, Inc.**, Intervenor-Applicant

*American Securities Association et al. v. United States Securities and Exchange Commission*,
Case No. 23-13396

10.  **Cboe EDGA Exchange, Inc.**, Intervenor-Applicant

11.  **Cboe EDGX Exchange, Inc.**, Intervenor-Applicant

12.  **Cboe Exchange, Inc.**, Intervenor-Applicant

13.  **Cboe Global Markets, Inc. (BATS: CBOE)**, direct or indirect parent company of Intervenor-Applicants Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe C2 Exchange, Inc., and Cboe Exchange, Inc.

14.  **Citadel Securities GP LLC**, parent company of Citadel Securities LLC

15.  **Citadel Securities LLC**, Petitioner

16.  **Connolly, J. Michael**, Consovoy McCarthy PLLC, counsel for Petitioner American Securities Association

17.  **Consolidated Audit Trail, LLC**, a jointly owned limited liability company formed under Delaware state law through which the participants conduct the activities of the National Market System Plan Governing the Consolidated Audit Trail

18.  **Financial Industry Regulatory Authority, Inc.**, member and participant of Consolidated Audit Trail, LLC

19.  **Francisco, Noel J.**, Jones Day, counsel for Petitioner Citadel Securities LLC

20.  **Gershengorn, Ian Heath**, counsel for Consolidated Audit Trail, LLC

21.  **Greenwalt, Paul, III**, counsel for Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe C2 Exchange, Inc., and Cboe Exchange, Inc.

22.  **Hoyt, Joshua T.**, Jones Day, counsel for Petitioner Citadel Securities LLC

23.  **Intercontinental Exchange, Inc. (NYSE: ICE)**, indirect parent of NYSE Intervenor-Applicants

*American Securities Association et al. v. United States Securities and Exchange Commission,*
Case No. 23-13396

24. **International Securities Exchange Holdings, Inc.**, sole LLC member of Nasdaq GEMX LLC, Nasdaq ISE LLC, and Nasdaq MRX LLC

25. **Investor AB (Nasdaq Stockholm: INVEB)**, owner of more than 10% of Nasdaq, Inc.'s shares

26. **Investors' Exchange, LLC**, member and participant of Consolidated Audit Trail, LLC

27. **Jenner & Block LLP**, counsel for Consolidated Audit Trail, LLC

28. **Kastenberg, Stephen J.**, Ballard Spahr LLP, counsel for The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, and Nasdaq PHLX LLC

29. **Katsiff, Timothy D.**, Ballard Spahr LLP, counsel for The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, and Nasdaq PHLX LLC

30. **Lantieri, Paul**, Ballard Spahr LLP, counsel for The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, and Nasdaq PHLX LLC

31. **Long-Term Stock Exchange, Inc.**, member and participant of Consolidated Audit Trail, LLC

32. **Lucas, Brinton**, Jones Day, counsel for Petitioner Citadel Securities LLC

33. **MacLean, Matthew J.**, Pillsbury Winthrop Shaw Pittman LLP, counsel for NYSE Intervenor-Applicants

34. **Matro, Daniel**, counsel for Respondent United States Securities and Exchange Commission

35. **MEMX LLC**, member and participant of Consolidated Audit Trail, LLC

36. **Miami International Securities Exchange LLC**, member and participant of Consolidated Audit Trail, LLC

37. **MIAX Emerald, LLC**, member and participant of Consolidated Audit Trail, LLC

*American Securities Association et al. v. United States Securities and Exchange Commission*,
Case No. 23-13396

38. **MIAX PEARL, LLC**, member and participant of Consolidated Audit Trail, LLC

39. **Molzberger, Michael**, counsel for Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe C2 Exchange, Inc., and Cboe Exchange, Inc.

40. **Nasdaq BX, Inc.**, Intervenor-Applicant

41. **Nasdaq GEMX, LLC**, Intervenor-Applicant

42. **Nasdaq, Inc. (Nasdaq: NDAQ)**, sole owner of LLC interest in The Nasdaq Stock Market LLC and Nasdaq PHLX LLC and parent company of Nasdaq BX, Inc.

43. **Nasdaq ISE, LLC**, Intervenor-Applicant

44. **Nasdaq MRX, LLC**, Intervenor-Applicant

45. **Nasdaq PHLX LLC**, Intervenor-Applicant

46. **New York Stock Exchange LLC**, Intervenor-Applicant

47. **NYSE American LLC**, Intervenor-Applicant

48. **NYSE Arca, Inc.**, Intervenor-Applicant

49. **NYSE Chicago, Inc.**, Intervenor-Applicant

50. **NYSE National, Inc.**, Intervenor-Applicant

51. **Phillips, David**, Jones Day, counsel for Petitioner Citadel Securities LLC

52. **Rabbitt, Brian C.**, Jones Day, counsel for Petitioner Citadel Securities LLC

53. **Roth, Yaakov M.**, Jones Day, counsel for Petitioner Citadel Securities LLC

54. **The Nasdaq Stock Market LLC**, Intervenor-Applicant

*American Securities Association et al. v. United States Securities and Exchange Commission*,
Case No. 23-13396

55.  **The Vanguard Group, Inc.**, owned 10% or more of Cboe Global Markets, Inc.'s common stock as of November 14, 2023

56.  **Thoma Bravo UGP, LLC**, owner of more than 10% of Nasdaq, Inc.'s shares

57.  **Unikowsky, Adam**, counsel for Consolidated Audit Trail, LLC

58.  **United States Securities and Exchange Commission**, Respondent

Dated: November 16, 2023

*/s/ Paul E. Greenwalt*
Paul E. Greenwalt III
Michael K. Molzberger
ARENTFOX SCHIFF LLP
233 S. Wacker Dr., Suite 7100
Chicago, IL 60606
(312) 258-5702
paul.greenwalt@afslaw.com
michael.molzberger@afslaw.com

*Counsel for Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc. Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc.*

*American Securities Association et al. v. United States Securities and Exchange Commission*,
Case No. 23-13396

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-2, the undersigned counsel of record certifies that Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc. are each a direct or indirect wholly-owned subsidiary of Cboe Global Markets, Inc. (CBOE), a public company. Cboe Global Markets, Inc. has no parent corporation. A third party's review of public filings indicates that The Vanguard Group, Inc. owned 10% or more of Cboe Global Markets, Inc.'s common stock as of November 14, 2023.

Dated: November 16, 2023

*/s/ Paul E. Greenwalt*
Paul E. Greenwalt III
Michael K. Molzberger
ARENTFOX SCHIFF LLP
233 S. Wacker Dr., Suite 7100
Chicago, IL 60606
(312) 258-5702
paul.greenwalt@afslaw.com
michael.molzberger@afslaw.com

*Counsel for Cboe BYX Exchange, Inc.,*
*Cboe BZX Exchange, Inc., Cboe C2*
*Exchange, Inc. Cboe EDGA Exchange,*
*Inc., Cboe EDGX Exchange, Inc., and*
*Cboe Exchange, Inc.*

Pursuant to Federal Rule of Appellate Procedure 15(d) and Circuit Rule 15-4, Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc. (collectively, the "Cboe Exchanges") respectfully move for leave to intervene in support of Respondent United States Securities and Exchange Commission ("Commission" or "SEC").

On October 17, 2023, Petitioners American Securities Association and Citadel Securities LLC petitioned this Court for review of the SEC's Order Approving an Amendment to the National Market System Plan Governing the Consolidated Audit Trail, Release No. 34-98290; File No. 4-698, entered on September 6, 2023, 88 Fed. Reg. 62628 (Sept. 12, 2023) (the "Order").  *See* Petition for Review, ECF No. 1.

If successful, Petitioners' challenge will impair the Cboe Exchanges' economic and regulatory interests in the National Market System Plan Governing the Consolidated Audit Trail (the "CAT NMS Plan").  For example, and among other interests, the Cboe Exchanges and certain other self-regulatory organizations are "Plan Participants" or "Participants" in the CAT NMS Plan and joint owners of Consolidated Audit Trail, LLC ("CAT LLC"), which was formed to create, implement, and maintain the consolidated audit trail (the "CAT") and the central repository responsible for the receipt, consolidation, and retention of all information reported to the CAT pursuant to SEC Rules 608 and 613, which includes information

1

pertaining to trading activity on the Cboe Exchanges. The Cboe Exchanges and other Participants have been funding the development and operation of the CAT since its inception in 2016, including through promissory notes provided to CAT LLC and its predecessor CAT NMS, LLC, and have incurred significant costs in doing so. The Order approved an updated funding model and Participant CAT fee schedule that would alleviate the financial burden on the Cboe Exchanges by permitting them to finally begin recouping on those historical and ongoing costs to develop and operate the CAT. If Petitioners' challenge is successful, the Cboe Exchanges' ability to recoup on the sums that they have expended may be further delayed or otherwise frustrated. Accordingly, the Cboe Exchanges respectfully move to intervene in support of Respondent, the SEC.

Respondent does not oppose this Motion. Petitioners oppose this Motion.

## BACKGROUND

On July 11, 2012, the SEC adopted Rule 613 of Regulation National Market System, which required that certain self-regulatory organizations submit a national market system plan to create, implement, and maintain a consolidated audit trail that would capture customer and order event information for orders in national market system securities. 17 C.F.R. § 242.613.

On November 15, 2016, the SEC approved the CAT NMS Plan. *See* Joint Industry Plan; Order Approving the National Market System Plan Governing the

Consolidated Audit Trail; Release No. 34-79318; File No. 4-698, entered on November 15, 2016, 81 Fed. Reg. 84696 (Nov. 23, 2016).  The CAT NMS Plan "functions as the limited liability company agreement of the jointly owned limited liability company formed under Delaware state law through which the Participants conduct the activities of" CAT LLC.[1]  Order, 88 Fed. Reg. at 62628 n.2.  Each Participant is a member of CAT LLC and jointly owns CAT LLC on an equal basis. *Id.*

The CAT NMS Plan involves the creation of a consolidated audit trail mandated by the SEC for the purpose of enhancing regulators' ability to monitor trading activity in the U.S. markets through a phased implementation.  To date, the funding for development and operation of the CAT has been provided solely by the Participants, including the Cboe Exchanges, and includes providing such funding to CAT LLC in exchange for promissory notes on which CAT LLC has not yet made any payments.  In other words, the Cboe Exchanges and the other Participants have

---

[1] The "Participants" of the CAT NMS Plan currently are: BOX Exchange LLC, Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., Cboe Exchange, Inc., The Financial Industry Regulatory Authority, Inc., Investors Exchange LLC, Long-Term Stock Exchange, Inc., MEMX LLC, Miami International Securities Exchange, LLC, MIAX Emerald, LLC, MIAX PEARL, LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, Nasdaq PHLX LLC, The Nasdaq Stock Market LLC, New York Stock Exchange LLC, NYSE American LLC, NYSE Arca, Inc., NYSE Chicago, Inc., and NYSE National, Inc.

3

been the sole source of funding for the CAT, including in excess of $200 million funded by the Cboe Exchanges.

On March 13, 2023, CAT LLC, on behalf of the Participants, filed with the SEC a proposed amendment to the CAT NMS Plan to implement a revised funding model. On September 6, 2023, the SEC's Order approved that proposed amendment. Under the updated funding model approved by the Order, costs for operating the CAT NMS Plan will be allocated equitably among Participants and industry members, allowing the Participants to eventually recover a portion of the hundreds of millions of dollars in expenses they have borne in developing and operating the CAT NMS Plan and establishing a model for ongoing funding. *See* Order, 88 Fed. Reg. at 62662 and 62682 n.1102.

Petitioners have challenged the Order. If Petitioners' challenge is successful, the Cboe Exchanges' ability to recoup their historical and ongoing costs may be further delayed, and CAT LLC will lack any source of funding other than to continue to seek funding through loans or notes from the Cboe Exchanges and other Participants.

## ARGUMENT

The Cboe Exchanges seek to intervene in this case to protect their substantial interest in the SEC's Order approving the updated funding model and the

4

implementation of the CAT NMS Plan.  The Cboe Exchanges meet the procedural and substantive requirements for intervention.

Federal Rule of Appellate Procedure 15(d) permits a party to intervene in a proceeding to review an agency action if a motion to intervene is timely, is served on all parties, and "contain[s] a concise statement of the interests of the moving party and the grounds for intervention."  Fed. R. App. P. 15(d).  Generally, a motion to intervene in a case seeking review of an agency action must be filed within 30 days of the petition for review.  *Id.*; Cir. R. 15-4.

This Motion satisfies the procedural requirements for intervention.  The Motion is timely because it was filed within 30 days of October 17, 2023, the date Petitioners filed their Petition for Review.  The Motion has been served on all parties.  And the Motion's text contains "a concise statement of [the Cboe Exchanges'] interest … and the grounds for intervention."  Fed. R. App. P. 15(d).

The Motion likewise satisfies the substantive requirements for intervention.  The Federal Rules of Appellate Procedure do not delineate specific standards for intervention, so courts often consider the policies embodied in Rule 24 of the Federal Rules of Civil Procedure to inform whether intervention is appropriate.  *See, e.g.*, *AFL-CIO v. Scofield*, 382 U.S. 205, 216-17 n.10 (1965); *Massachusetts School of Law at Andover, Inc. v. United States*, 118 F.3d 776, 779 (D.C. Cir. 1997).  Under Federal Rule of Civil Procedure 24(a)(2), a timely motion for intervention must be

granted when the following requirements are met: (1) the applicant has an interest relating to the subject of the action; (2) disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (3) the applicant's interest would not be represented adequately by the existing parties to the suit.

First, the "transaction that is the subject of the action" is the CAT funding model, as well as the fee schedule for Participant CAT fees, approved by the Order and which Petitioners ask this Court to set aside as arbitrary and capricious or otherwise contrary to law. The Cboe Exchanges have a clear interest relating to the CAT funding model and fee schedule for Participant CAT fees because of their role as self-regulatory organizations and Participants. Furthermore, CAT LLC's ability to make payments to the Cboe Exchanges and the other Participants, and the Cboe Exchanges and the Participants ability to recoup on the funding that they provided, is directly tied to the Order. *Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989) ("Where a party seeking to intervene in an action claims an interest in the very property and very transaction that is the subject of the main action," the potential effects "may supply the practical disadvantage which warrants intervention as of right."). Furthermore, absent the Order, CAT LLC lacks any source of funding other than requesting the issuance of additional promissory notes to the Cboe Exchanges and other Participants without any clarity as to when CAT LLC will actually begin

6

making payments on the existing promissory notes or any new potential notes used to fund the development and operation of CAT.

Second, and closely related, "disposing of the action may as a practical matter impair or impede [the Cboe Exchanges'] ability to protect its interest" because this appeal may be the Cboe Exchanges' only opportunity to refute Petitioners' arguments and thereby support the SEC's approval of the updated funding model and Participant CAT fee schedule amendments to the CAT NMS Plan in the Order.

Third, no other party can adequately represent the Cboe Exchanges' interests in this matter. "The requirement of [Rule 24] is satisfied if the [movant] shows that representation of [its] interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *see also Berger v. North Carolina State Conference of the NAACP*, 142 S. Ct. 2191, 2203 (2022) (the inadequacy of representation requirement "present[s] proposed intervenors with only a minimal challenge"); *Stone v. First Union Corp.*, 371 F.3d 1305, 1311 (11th Cir. 2004) (proposed-intervenor "need only show that current [parties'] representation 'may be inadequate,'" and "the burden for making such a showing is minimal").

The Commission's interest in this action is distinct and separate from that of the Cboe Exchanges. While a government agency has a duty to represent the public interest, a private party benefitting from the agency's action may have a "narrower

interest" than the public itself, and therefore, representation of that narrow interest by the government agency is not sufficiently adequate to preclude intervention. *Trbovich v. United Mine Workers*, 404 U.S. at 538; *see also Fund for Animals v. Norton*, 322 F.3d 728, 736-37 (D.C. Cir. 2003) (holding that, often, "governmental entities do not adequately represent the interests of aspiring intervenors").  Because the Cboe Exchanges' interests in this case are different than the SEC's, the Cboe Exchanges are in a position to present different arguments, or present arguments in a substantially different manner, than the SEC, thus offering a crucial perspective as a vigorous and helpful supplement to the SEC's defense of its Order.[2]

In addition to satisfying the requirements for leave to intervene as of right, the Cboe Exchanges also satisfy the requirements for permissive intervention.  Even when a party cannot satisfy the requirements for mandatory intervention, courts may still permit a party to intervene if the intervenor "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).  For

---

[2] Likewise, CAT LLC's interest, to the extent that it moves for and is granted leave to intervene in this action, is distinct and separate from that of the Cboe Exchanges. The Cboe Exchanges have a unique interest in ensuring that their ability to recoup their substantial expenditures is maintained.  In addition, the Cboe Exchanges also have regulatory interests and obligations, distinct from CAT LLC's interests, given that self-regulatory organizations, like the Cboe Exchanges, have a "prominent role in the administration and enforcement of federal securities laws."  *Turbeville v. Financial Industry Regulatory Authority*, 874 F.3d 1268, 1270 (11th Cir. 2017).

the same reasons that mandatory intervention is appropriate, the Cboe Exchanges also satisfy the standard for permissive intervention.

Finally, this Circuit has held that an intervenor need not show Article III standing separate from meeting the requirements of Federal Rule of Civil Procedure 24. *See Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) ("We therefore hold that a party seeking to intervene need not demonstrate that he has standing in addition to meeting the requirements of Rule 24 as long as there exists a justiciable case and controversy between the parties already in the lawsuit"). Even if separate showing on Article III standing were required, however, the Cboe Exchanges have standing because a decision on the merits of this appeal will have a direct economic and regulatory impact on the Cboe Exchanges. *See, e.g.*, *Crossroads Grassroots Policy Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 317 (D.C. Cir. 2015) ("Our cases have generally found a sufficient injury in fact where a party benefits from agency action, the action is then challenged in court, and an unfavorable decision would remove the party's benefit.").

## CONCLUSION

For the foregoing reasons, the Cboe Exchanges respectfully request that the Court grant this motion for leave to intervene, either as a matter of right or by permission, in support of the Commission.

Dated: November 16, 2023

Respectfully submitted,

*/s/ Paul E. Greenwalt III*

Paul E. Greenwalt III
Michael K. Molzberger
ARENTFOX SCHIFF LLP
233 S. Wacker Dr., Suite 7100
Chicago, IL 60606
(312) 258-5702
paul.greenwalt@afslaw.com
michael.molzberger@afslaw.com


*Counsel for Proposed Intervenors Cboe
BYX Exchange, Inc., Cboe BZX
Exchange, Inc., Cboe C2 Exchange,
Inc. Cboe EDGA Exchange, Inc., Cboe
EDGX Exchange, Inc., and Cboe
Exchange, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that undersigned counsel served a true and correct copy of the foregoing to all parties of record through the Court's CM/ECF system.

*/s/ Paul E. Greenwalt III*
Paul E. Greenwalt III

**CERTIFICATE OF CONFERENCE**

I certify that counsel for the Cboe Exchanges conferred with counsel for all parties.  Only Petitioners are opposed to the relief sought by this motion.

*/s/ Paul E. Greenwalt III*
Paul E. Greenwalt III

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

Pursuant to Federal Rule of Appellate Procedure Rule 32(g)(1), I certify that this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 27(d)(1) because this motion was prepared in 14-point Times New Roman, a proportionally-spaced typeface, using Microsoft Word 2016.  *See also* Fed. R. App. P. 32(a)(5)–(6).  This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,974 words, excluding the parts exempted under Rule 32(f).  As permitted by Federal Rule of Appellate Procedure 32(g)(1), the undersigned has relied upon the word count feature of Microsoft Word 2016 in preparing this certificate.

I further certify that: (1) all required privacy redactions have been made, (2) the electronic submission is an exact copy of any corresponding paper document, and (3) the motion has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

Dated: November 16, 2023                    */s/ Paul E. Greenwalt III*
                                             Paul E. Greenwalt III