**No. 23-13396**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

———————————————————————

AMERICAN SECURITIES ASSOCIATION and CITADEL SECURITIES LLC,
Petitioners,

v.

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,
Respondent.

———————————————————————

ON PETITION FOR REVIEW OF SEPTEMBER 6, 2023 ORDER OF THE
U.S. SECURITIES AND EXCHANGE COMMISSION

———————————————————————

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO
INTERVENE BY THE NASDAQ STOCK MARKET LLC,
NASDAQ BX, INC., NASDAQ GEMX, LLC, NASDAQ ISE,
LLC, NASDAQ MRX, LLC, AND NASDAQ PHLX LLC**

———————————————————————

Stephen J. Kastenberg
Paul Lantieri III
Timothy D. Katsiff
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

*Counsel for Proposed Intervenors The
Nasdaq Stock Market LLC, Nasdaq BX,
Inc., Nasdaq GEMX, LLC, Nasdaq ISE,
LLC, Nasdaq MRX, LLC, and Nasdaq
PHLX LLC*

*American Securities Association, et al. v. United States Securities and Exchange Commission,*
No. 23-13396

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-1, The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, and Nasdaq PHLX LLC provide the following Certificate of Interested Persons and Corporate Disclosure Statement.

The undersigned counsel of record certify that the Certificate of Interested Persons set forth in the Nasdaq entities' previous filings are complete, subject to the following additions:

1. **Barbero, Megan**, counsel for Respondent United States Securities and Exchange Commission

2. **Conley, Michael A.**, counsel for Respondent United States Securities and Exchange Commission

3. **Hardin, Tracey A.**, counsel for Respondent United States Securities and Exchange Commission

4. **Kennedy, Jordan**, counsel for Respondent United States Securities and Exchange Commission

*American Securities Association, et al. v. United States Securities and Exchange Commission,*
No. 23-13396

No publicly-traded company or corporation, other than those identified above or in the Certificates of Interested Persons filed by Petitioners on October 17, 2023, October 31, 2023, and December 1, 2023; by the Nasdaq entities, Consolidated Audit Trail, LLC, the Cboe entities, and the NYSE entities on November 14, 2023; and by the United States Securities and Exchange Commission on November 28, 2023, has an interest in the outcome of this case. The Nasdaq entities will file an amended Certificate of Interested Persons should they become aware of a change in interests that would affect the disclosures as required by Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-4.

Date:  December 8, 2023

/s/ *Stephen J. Kastenberg*
Stephen J. Kastenberg
Paul Lantieri III
Timothy D. Katsiff
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
kastenberg@ballardspahr.com
lantierip@ballardspahr.com
katsifft@ballardspahr.com

*Counsel for The Nasdaq Stock Market LLC, Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, and Nasdaq PHLX LLC*

In its motion for leave to intervene ("Nasdaq's Motion"), Nasdaq[1] demonstrated that it satisfies the "minimal challenge" that Rule 24(a)(2) presents to proposed intervenors because, among other things, it has a distinct, direct, and substantial interest in this proceeding challenging the Commission's Order approving a new funding model for the CAT. *See Berger v. N.C. State Conf. of the NAACP*, 142 S. Ct. 2191, 2203 (2022) ("[T]his Court has described the Rule's test as presenting proposed interveners with only a minimal challenge"). The disposition of this action will directly affect Nasdaq's legal and financial obligations under the CAT NMS Plan, and meaningfully impact Nasdaq's regulatory obligations and the functioning of its exchanges. Petitioners' opposition to Nasdaq's Motion rests on unfounded, demonstrably incorrect conclusions about Nasdaq's interests in this action, and on overstated, readily-defused procedural concerns.

1.      Nasdaq has its own distinct interests that are not adequately represented by the Commission—or by proposed intervenor CAT LLC. The Commission necessarily represents the interests of the government and of the public at large, not those of Nasdaq, a private company, even if they share the same objective in this litigation. *See, e.g., Meek v. Metro. Dade Cnty.*, 985 F.2d 1471, 1478 (11th Cir. 1993). In seeking to distinguish *Meek*, Petitioners suggest that intervention was

---

[1]    Abbreviations used herein have the meanings used in Nasdaq Mot. for Leave to Intervene, ECF No. 28.

permitted there because the intervenor sought to advance a defense the governmental party had decided not to pursue on appeal. Pet'rs Opp'n to Mots. for Leave to Intervene at 16, ECF No. 41. But that only underscores a basis for granting Nasdaq's Motion: Nasdaq and the Commission may well choose to make—or not make—certain arguments in light of their distinct interests and perspectives. Reinforcing *Meek*, the Tenth Circuit held:

> [T]he government's representation of the public interest generally cannot be assumed to be identical to the individual parochial interest of a particular member of the public merely because both entities occupy the same posture in the litigation. In litigating on behalf of the general public, the government is obligated to consider a broad spectrum of views, many of which may conflict with the particular interest of the would-be intervenor. . . . This potential conflict exists even when the government is called upon to defend against a claim which the would-be intervenor also wishes to contest.

*Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1255–56 (10th Cir. 2001) (internal quotation omitted).

Petitioners' extensive reliance on *Sierra Club, Inc. v. Leavitt*, 488 F. 3d 904 (11th Cir. 2007), is misplaced. That case concerned the United States Environmental Protection Agency's ("EPA") approval of the Florida state environmental agency's list of impaired waterways under the Clean Water Act. *See Leavitt*, 488 F. 3d at 908–09. The posture of *Leavitt* is fundamentally distinguishable: not only was it an appeal from the district court's denial of intervention by the Florida agency, but the plaintiff had already filed a complaint and thus made its positions clear. *Id.* at 909.

Accordingly, the appeals court was able to consider that, even after knowing the EPA's position, the Florida agency had adopted the EPA's brief on appeal in its entirety, and had not suggested that it would take any position different from the EPA. *Id.* at 910. Here, Petitioners have not yet articulated their arguments against the Commission's approval of the Order, and in any event, Nasdaq has already shown that its interests are, and will be, distinct from the Commission's. *See also Tri-State Generation & Transmission Ass'n v. N.M. Pub. Regul. Comm'n*, 787 F.3d 1068, 1071–72 (10th Cir. 2015) (distinguishable for the same reasons as *Leavitt*); *Assoc. Indus. Of Ala., Inc. v. Train*, 543 F.2d 1159, 1160 (5th Cir. 1976) (like *Leavitt*, the "positions of Alabama and the United States are identical").[2]

Given Nasdaq's role as a Participant in the CAT NMS Plan and in the development of the CAT funding model approved by the Commission, Nasdaq has legal and financial interests that the Commission does not have. Indeed, courts routinely permit Nasdaq to intervene not only when the Commission's approval of a Commission rule is at issue, but also when the Commission's approval of

---

[2]    *Athens Lumber Co. v. Federal Election Com.*, 690 F.2d 1364 (11th Cir. 1982), does not help Petitioners either. There, this Court upheld the district court's denial of intervention because it found that the intervenor was not a real party in interest and had not identified any interests distinct from the defendant. *Id.* at 1366–67. By contrast, Nasdaq has met those criteria.

Nasdaq's—or another SRO's—own rule is challenged.[3] Petitioners respond only that in some such cases intervention was unopposed, but courts consider the merits of intervention regardless of whether a motion is opposed. *See, e.g.*, *Defenders of Wildlife v. Bureau of Ocean Energy Mgmt.*, 2011 U.S. Dist. LEXIS 66713, *4–8 (S.D. Ala. June 22, 2011) (analyzing each of the intervention factors despite lack of opposition).

Nor does the *Chenery* doctrine bear on the propriety of intervention. *See* Opp'n at 2, 15–16 (citing *U.S. Sec. Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194 (1947)). Again, Petitioners go too far. If they were right that *Chenery* restricts the Court from considering arguments other than those the Commission asserts, intervention in challenges to administrative actions would never be allowed. Notwithstanding that the Court must evaluate the reasoning articulated by the Commission in its Order, Nasdaq and the Commission may make different arguments, or emphasize different parts of the record, in defending the Order.

2.    Next, even if Nasdaq were required (which it is not) to demonstrate that its interests are different than those of proposed intervenor CAT LLC, Nasdaq and CAT LLC do not, as Petitioners conclusorily suggest, have identical interests. *See*

---

[3]    Nasdaq Mot. at 5–6 n.4 (citing examples). Notably, in *Sec. Indus. & Fin. Mkts. Ass'n v. U.S. Sec. Exch. Comm'n*, the D.C. Circuit granted Nasdaq intervention to defend a rule proposed by another exchange, NYSE Arca, Inc., as to fees charged for market data. Order, No. 09-1045 (D.C. Cir. Mar. 20, 2009).

Opp'n at 23. Nasdaq, as a self-regulatory organization under the Exchange Act, has its own regulatory responsibilities distinct from CAT LLC (and from the Commission) for supervising conduct on its markets and for the equitable allocation of fees among its market participants. *See* 15 U.S.C. § 78f. Nasdaq also has different financial interests implicated by the funding of the CAT's historical and future expenses. And, as only one of many Participants in CAT LLC, Nasdaq may choose to assert different arguments based on its different interests and perspectives.

In any event, *Berger* does not—as Petitioners argue—instruct the Court to consider CAT LLC's motion first and then decide whether CAT LLC can adequately represent Nasdaq's interests. *See* Opp'n at 24. To the contrary, *Berger* did not involve multiple motions to intervene and the Court did not specifically address, other than as a theoretically possible counter-factual, that the number of motions to intervene in the district court might at some point become a "cause for caution." *Berger*, 142 S. Ct. at 2205. More to the point, *Berger* recognized the "minimal challenge" that Rule 24(a)(2) presents to proposed intervenors. *Id.* at 2203.

3.    Petitioners' argument that intervention by Nasdaq and the other exchanges will "disrupt [the] orderly process" of this litigation, Opp'n at 1, rings hollow. As an initial matter, even if Petitioners were correct in their contention (for which they provide no authority) that appellate intervention "allow[s] movants to attempt to hijack this case and transfer it to a different forum," *id.* at 20, the concern

5

is wholly fabricated: Nasdaq does not intend to seek a transfer or foresee a circumstance in which it would do so.

Petitioners' purported concerns about a "morass" of excessive briefing and a "parade of oral advocates," *id.* at 21–22, are equally unfounded. Petitioners themselves render these purported concerns meaningless by acknowledging that they would not object to the movants participating as amici. In that event, there would be no difference in the amount of briefing. Regardless, Nasdaq anticipates coordinating with the other exchange intervenors to present—on the currently-proposed schedule—either a joint brief or otherwise streamlined merits briefing, and with all respondents to present efficient oral argument in a manner most helpful for the Court, as routinely happens in multi-party appeals. Moreover, while amici can submit briefing, and Nasdaq believes the petition for review should be denied, intervention as a party would permit Nasdaq the rights of a party, including to seek rehearing or certiorari in the event the Court grants the petition. Those rights would cause no interference with the orderly disposition of this case.

*****

For all reasons set forth above and in Nasdaq's Motion, the Court should grant Nasdaq's motion for leave to intervene either as a matter of right or by permission.

Date:  December 8, 2023

Respectfully submitted,

*/s/ Stephen J. Kastenberg*

Stephen J. Kastenberg
Paul Lantieri III
Timothy D. Katsiff
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.665.8500
Facsimile: 215.864.8999
kastenberg@ballardspahr.com
lantierip@ballardspahr.com
katsifft@ballardspahr.com

*Counsel for The Nasdaq Stock Market LLC,
Nasdaq BX, Inc., Nasdaq GEMX, LLC,
Nasdaq ISE, LLC, Nasdaq MRX, LLC, and
Nasdaq PHLX LLC*

7

## CERTIFICATE OF SERVICE

I certify that, on December 8, 2023, I electronically filed the foregoing with the United States Court of Appeals for the Eleventh Circuit through the Court's CM/ECF system. Parties represented by registered CM/ECF users will be served by the CM/ECF system.

*/s/ Stephen J. Kastenberg*
Stephen J. Kastenberg

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

Pursuant to Federal Rule of Appellate Procedure Rule 32(g)(1), I certify that this reply complies with the typeface requirements of Federal Rule of Appellate Procedure 27(d)(1) because this reply was prepared in 14-point Times New Roman, a proportionally-spaced typeface, using Microsoft Word 2016. *See also* Fed. R. App. P. 32(a)(5)–(6). This reply complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1481 words, excluding the parts exempted under Rule 32(f). As permitted by Federal Rule of Appellate Procedure 32(g)(1), the undersigned has relied upon the word count feature of Microsoft Word 2016 in preparing this certificate.

I further certify that: (1) all required privacy redactions have been made, (2) the electronic submission is an exact copy of any corresponding paper document, and (3) the reply has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

*/s/ Stephen J. Kastenberg*
Stephen J. Kastenberg