**No. 23-13396**

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

AMERICAN SECURITIES ASSOCIATION, CITADEL SECURITIES LLC,
*Petitioners*,

v.

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,
*Respondent*.

---

## CONSOLIDATED AUDIT TRAIL, LLC'S
## REPLY IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE

---

IAN HEATH GERSHENGORN
JENNER & BLOCK LLP
1099 New York Avenue NW
Suite 900
Washington, DC 20001
(202) 639-6000
IGershengorn@jenner.com

*Counsel for Consolidated Audit Trail, LLC*

No. 23-13396, *Am. Sec. Ass'n v. U.S. Sec. & Exch. Comm'n*

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

The undersigned counsel represents Consolidated Audit Trail, LLC. Pursuant to Eleventh Circuit Rule 26.1-1 through 26.1-3 and Federal Rule of Appellate Procedure 26.1, the undersigned counsel hereby certifies that, to the best of its knowledge, the Certificate of Interested Persons set forth in Consolidated Audit Trail, LLC's Motion for Leave to Intervene (Dkt. 30) and Petitioners' Opposition to Motions for Leave to Intervene in Support of Respondent (Dkt. 41) are complete.

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, counsel for Consolidated Audit Trail, LLC, hereby certifies that Consolidated Audit Trail, LLC, has no parent corporation. The following three publicly held companies have an indirect ownership interest in Consolidated Audit Trail, LLC, of 10% or more: Cboe Global Markets (CBOE); Intercontinental Exchange, Inc. (ICE); and Nasdaq, Inc (NDAQ).

Date: December 8, 2023                              */s/* Ian Heath Gershengorn

C-1 of 1

Consolidated Audit Trail, LLC ("CAT LLC")'s motion to intervene should be granted. CAT LLC has the most direct interest in this proceeding imaginable: CAT LLC is the very subject of the SEC Order[1] under review, and CAT LLC's ability to fund its operations is at stake. Yet Petitioners take the remarkable position that while they may litigate this appeal to represent their pecuniary interests, CAT LLC may not.

It would be difficult to overstate how unprecedented Petitioners' argument is. In *Trbovich v. United Mine Workers of America*, 404 U.S. 528 (1972), the Supreme Court held that the private proponent of an agency order is entitled to intervene in defense of that order. *Id.* at 538–39 & n.9. Since then, *hundreds* of similarly situated private parties have intervened to defend agency orders. Petitioners have not identified a *single instance ever* of a motion to intervene being denied under these circumstances.

And for good reason. Contrary to Petitioners' claims, the interests of CAT LLC—an SEC-regulated entity—are not adequately represented by its regulator, particularly given the Supreme Court's recent admonishment that the adequate-representation requirement presents only a "minimal challenge" for would-be interve-

---

[1] Joint Industry Plan; Order Approving an Amendment to the National Market System Plan Governing the Consolidated Audit Trail, Securities Exchange Act Release No. 98290, 88 Fed. Reg. 62628, 62629 (Sept. 12, 2023) ("SEC Order").

nors. *Berger v. N.C. State Conf. of the NAACP*, 142 S. Ct. 2191, 2203 (2022). Denying CAT LLC's motion to intervene would contradict decades of Supreme Court and circuit precedent, would hinder this Court's resolution of this case, and would be grossly unfair to CAT LLC. CAT LLC's motion should be granted.

## ARGUMENT

In deciding motions to intervene on appeal, courts consider "the legal 'interest' that a party seeks to 'protect' through intervention on appeal." *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002, 1010 (2022) (quoting Fed. R. Civ. P. 24(a)(2)). CAT LLC's interest in this case—its interest in upholding an agency order when CAT LLC was both the subject and proponent of that order—is the paradigmatic example of a legal interest that warrants intervention.

Petitioners nonetheless claim that CAT LLC should be barred from participating in this proceeding because the SEC adequately protects its interests. Petitioners' argument conflicts with abundant case law. In *Trbovich v. United Mine Workers of America*, 404 U.S. 528 (1972), the Supreme Court held that a union member was entitled to intervene in a lawsuit brought by the Secretary of Labor, when the union member had filed the administrative complaint that triggered the lawsuit. *Id.* at 538–39. Although the union member sought the same outcome as the Secretary of Labor, the union member had a right to intervene because the union member's private in-

2

terests were distinct from the Secretary's sovereign interests. *Id.* Likewise, in *Automobile Workers v. Scofield*, 382 U.S. 205 (1965), this Court held that successful parties in NLRB proceedings—whether they are the charged or charging party— may intervene on appeal in support of the NLRB's decision to protect their private interests. *See id.* at 208; *see also id.* at 216 n.10 ("Under [Federal Rule of Civil Procedure] Rule 24 (a) (2) or Rule 24 (b) (2), we think the charged party would be entitled to intervene.").

In the half-century since *Trbovich*, there are *hundreds* of cases in which courts of appeals have faithfully followed *Trbovich* and authorized private parties who were the proponent or subject of agency orders to intervene in defense of those orders. Examples from this Court include: *Lowman v. Fed. Aviation Admin.*, 83 F.4th 1345 (11th Cir. 2023) (authorizing City of Lakeland, Florida, to intervene in appeal concerning FAA's action on City's proposed projects); *Int'l Bhd. of Teamsters Local 947 v. NLRB*, 66 F.4th 1294 (11th Cir. 2023) (authorizing former employee to intervene in appeal concerning NLRB order triggered by employee's unfair-labor-practice charge); *Palm Beach County v. Fed. Aviation Admin.*, 53 F.4th 1318 (11th Cir. 2022) (authorizing pilot to intervene in appeal of FAA's order in response to pilot's complaint); *Everglades Coll., Inc. v. NLRB*, 893 F.3d 1290 (11th Cir. 2018) (authorizing employee to intervene in appeal concerning NLRB order triggered by employee's unfair-labor-practice charge); *Mercedes-Benz U.S. Int'l, Inc. v. Int'l Union*,

3

*UAW*, 838 F.3d 1128 (11th Cir. 2016) (authorizing union to intervene in appeal concerning NLRB's order triggered by complaints by union and employees); *NLRB v. Gaylord Chem. Co.*, 824 F.3d 1318 (11th Cir. 2016) (authorizing union to intervene in appeal concerning NLRB order triggered by union's complaint); *Riverkeeper v. EPA*, 806 F.3d 1079 (11th Cir. 2015) (authorizing state to intervene in appeal concerning EPA's transfer of permitting authority to state); *Stone & Webster Constr., Inc. v. U.S. Dep't of Lab.*, 684 F.3d 1127 (11th Cir. 2012) (authorizing employee to intervene in appeal of Secretary of Labor's order on employee's whistleblower complaint); *Roadway Express, Inc. v. NLRB*, 427 F. App'x 838 (11th Cir. 2011) (authorizing employee to intervene in appeal concerning NLRB order triggered by employee's unfair-labor-practices charge). This Court routinely grants intervention even when a private party's interest is more attenuated, such as when an employer seeks to intervene in support of a decision rejecting an employee's complaint. *See, e.g.*, *Ronnie v. Off. Depot, LLC*, 81 F.4th 1345 (11th Cir. 2023); *Johnson v. U.S. Dep't of Lab.*, 814 F. App'x 490 (11th Cir. 2020); *Winch v. Dir., OWCP*, 725 F. App'x 768 (11th Cir. 2018). Other circuits similarly grant intervention as a matter of course. In the D.C. Circuit, for example, Appendix A attached hereto identifies *eighty-one cases in 2023 alone* where intervention in support of agency decisions was granted.

Against all this, Petitioners cannot identify a *single case ever* in which a private party who was the subject or proponent of agency action was prevented from intervening in support of the agency's decision. Petitioners rely primarily on *Sierra Club, Inc. v. Leavitt*, 488 F.3d 904 (11th Cir. 2007) (Opp'n 9), but *Sierra Club*'s facts are not even close to this case. In *Sierra Club*, the would-be intervenor was a different regulator—the Florida Department of Environmental Protection (FDEP)—who sought to intervene in the district court in support of the EPA to express agreement with the EPA's regulatory approach. The district court denied intervention. On appeal, FDEP merely "adopt[ed] the EPA's brief . . . in its entirety." *Id.* at 910. This Court affirmed the district court's denial of intervention, finding that the EPA adequately represented FDEP's interests. *Id.* at 911. *Sierra Club* held that one regulator's interests were adequately represented by a different regulator, not that the interests of a private, regulated entity like CAT LLC are adequately represented by its regulator. Moreover, *Sierra Club* reached the unsurprising conclusion that when FDEP adopted the EPA's appellate brief after FDEP was allowed to intervene in the appeal, the EPA adequately represented FDEP. Unlike in *Sierra Club*, this case involves a petition for review filed directly in the Court of Appeals, and CAT LLC seeks to intervene under FRAP 15(d) before briefs have been filed. CAT LLC does not know what Petitioners' or the SEC's brief will say, and therefore is certainly not adopting the SEC's yet-to-be-filed brief.

5

Petitioners' other cited cases (Opp'n 10) demonstrate why Petitioners' arguments are wrong.  In *Athens Lumber Co. v. FEC*, 690 F.2d 1364 (11th Cir. 1982), a party sought to intervene to defend the constitutionality of a statute it supported.  The Eleventh Circuit held that the would-be intervenor had an interest "shared with all unions and all citizens," finding that interest "so generalized" the intervenor did not even have standing.  *Id.* at 1366.  It emphasized that "the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding," *id.*, and distinguished *Trbovich* on the ground that the intervenor there "bore an especially close relationship to the case; he, in fact, had initiated the proceedings," *id.* at 1367.  Here, CAT LLC *is* the real party in interest and *did* initiate the proceedings at the SEC.  *Tri-State Generation & Transmission Ass'n v. New Mexico Public  Regulation Commission*, 787 F.3d 1068 (10th Cir. 2015), did not involve a challenge to federal agency action and emphasized that "where a governmental agency is seeking to represent both the interests of the general public and the interests of a private party seeking intervention, we have repeatedly found representation inadequate for purposes of Rule 24(a)(2)." *Id.* at 1072.  That's this case.

There is a good reason that Petitioners have identified zero cases denying intervention in this circumstance: CAT LLC, as a private regulated entity, easily meets the "minimal challenge," *Berger*, 142 S. Ct. at 2203, of demonstrating it will not be adequately represented by the SEC.  As the Supreme Court made clear in *Berger*,

6

although the interests of an agency and a private party defending agency action might "seem[] closely aligned," they are distinct for purposes of Rule 24. *Id.* at 2203–04. That is because a private entity's "pecuniary interest" is "qualitatively different" from a government's "sovereign interests." *Huff v. Comm'r of IRS*, 743 F.3d 790, 800 (11th Cir. 2014); *accord Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736–37 (D.C. Cir. 2003). The SEC, as a regulator, seeks maximum judicial deference to regulatory actions. CAT LLC, as an entity the SEC regulates, desires the SEC's order to be upheld in this specific case, but lacks the SEC's broader interest in ensuring the SEC always wins. Depending on Petitioners' arguments, CAT LLC's positions may well diverge from the SEC's positions. Petitioners have no basis for asserting that CAT LLC will simply agree with everything the SEC has to say.

Contrary to Petitioners' argument (Opp'n 13-14), CAT LLC does not have to identify the specific arguments it will make that differ from the SEC's arguments. Instead, CAT LLC must make a "minimal" showing of a different *interest* from the SEC—and it has made that showing, given its status as a private party. In any event, identifying specific arguments would be impossible at this stage, given that CAT LLC does not know what Petitioners' or the SEC's arguments will be.

Petitioners' contrary arguments are unpersuasive. Petitioners point out that CAT LLC submitted the plan amendment to the SEC. Opp'n 11–12, 14–15. But

*Trbovich* similarly involved a union member who sought to intervene after success-fully seeking relief from an agency, and private parties routinely initiate and prevail in agency proceedings and then intervene to defend their victories in court. *See, e.g.*, *Lowman*, 83 F.4th 1345; *Int'l Bhd. of Teamsters*, 66 F.4th 1294.

Petitioners also point out that CAT LLC's members are self-regulatory organ-izations ("SROs"). Opp'n 13. But SROs routinely are permitted to intervene in support of agency orders. *See, e.g.*, *Cboe Futures Exch., LLC v. SEC*, 77 F.4th 971, 976 (D.C. Cir. 2023) (MGEX); *All. for Fair Bd. Recruitment v. SEC*, 85 F.4th 226, 239 (5th Cir. 2023) (Nasdaq); *Bloomberg L.P. v. SEC*, 45 F.4th 462, 465 (D.C. Cir. 2022) (FINRA); *Citadel Sec. LLC v. SEC*, 45 F.4th 27, 31 (D.C. Cir. 2022) (IEX). And for good reason. Although SROs carry out regulatory functions with respect to *their members*, SROs are regulated entities with respect to *the SEC*. Moreover, whatever the interests of SROs in other contexts, CAT LLC's interest in this pro-ceeding is unquestionably financial—this case concerns how CAT LLC's operations will be funded, SEC Order at 62629, an interest poles apart from the SEC's sovereign interest in its orders being upheld.

Petitioners point out that under the *Chenery* doctrine, the SEC must defend its ruling based on the grounds specified in its order. Opp'n 15–16. Thus, Petitioners claim, CAT LLC will make the same arguments as the SEC, rendering the SEC an adequate representative. But agencies are *always* bound by the *Chenery* doctrine.

8

Thus, under Petitioners' novel theory, private parties can *never* intervene to defend agency action—a position that would come as a surprise not only to the Supreme Court and federal appellate courts, but also to the drafters of Rule 15(d), which expressly contemplates intervention in support of agency action. Not surprisingly, this theory is wrong. Private parties may differ from the SEC in *how* they defend the SEC's reasoning, and may also differ in the extent or nature of judicial deference to the SEC—an issue that comes up only in court.

CAT LLC should also be permitted to intervene because the SEC "do[es] not have the same institutional knowledge" regarding CAT LLC's operations as CAT LLC itself. *Huff*, 743 F.3d at 800. Petitioners resist this argument, claiming either that the SEC knows enough about CAT LLC or that CAT LLC has not yet identified what specific arguments it will make about itself. Opp'n 18-19. This is because Petitioners have not yet filed their brief. Petitioners' brief will make statements about CAT LLC and its funding model. The entity best positioned to respond to those statements is CAT LLC itself. Preventing CAT LLC from participating in a proceeding *about CAT LLC itself* will hinder this Court's consideration of this case.

Finally, the Court should permit CAT LLC to participate as a matter of basic fairness. "The right of intervention conferred by Rule 24 implements the basic jurisprudential assumption that the interest of justice is best served when all parties with a real stake in a controversy are afforded an opportunity to be heard." *Hodgson*

9

*v. United Mine Workers of Am.*, 473 F.2d 118, 130 (D.C. Cir. 1972).  Yet Petitioners seek to skew this case by allowing only one party with a pecuniary interest to be heard.  CAT LLC should be permitted to tell its side of the story.  For example, Petitioners represent in their brief that the SEC Order "allows for 100% of the costs of running the CAT to be borne by brokers-dealers like Citadel Securities."  Opp'n 6.  But in fact, buyers, sellers, and exchanges each bear one-third of CAT fees under the Order.  SEC Order, 88 Fed. Reg. at 62629 ("The proposed one-third allocation of CAT fees to the applicable Participant in a transaction, the CAT Executing Broker for the buyer in a transaction and the CAT Executing Broker for the seller in a trans-action[] assesses an equal fee to the three primary roles in a transaction: the buyer, seller and market regulator.").  If Petitioners' brief on the merits contains similar statements, CAT LLC has a strong interest in participating so it can explain how CAT LLC's operations are actually funded.

Even if the Court does not grant mandatory intervention, it should grant permissive intervention.  CAT LLC "has a claim or defense that shares with the main action a common question of law or fact," and the intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). Petitioners identify no authority holding that intervention should be denied based on speculation concerning transfer motions (Opp'n 20–21).  Moreover, granting intervention would not require the Court to grant oral argument time to each

10

would-be intervenor (Opp'n 21–22).  The Court is free to structure oral argument as it sees fit.

## **CONCLUSION**

CAT LLC's motion to intervene should be granted.


December 8, 2023                                      Respectfully submitted,

                                                     /s/   Ian Heath Gershengorn

                                                     JENNER & BLOCK LLP
                                                     1099 New York Avenue NW
                                                     Suite 900
                                                     Washington, DC 20001
                                                     (202) 639-6000


                         *Counsel for CAT LLC*

11

## CERTIFICATE OF COMPLIANCE

Under Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure, I certify this motion complies with the length limits set forth Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,520 as counted by Microsoft Word, excluding the items that may be exempted under Federal Rule of Appellate Procedure 27(a)(2)(B).

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word 365 in 14-point Times New Roman font.

*/s/*   Ian Heath Gershengorn

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2023, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/* Ian Heath Gershengorn

## APPENDIX A

Orders granting motions to intervene in support of agency respondents in the D.C. Circuit in 2023 (through November):

January:

1. Order, *GridLiance High Plains LLC v. FERC*, No. 20-1488 (D.C. Cir. Jan. 5, 2023), Doc. 1980208.

2. Order, *Antero Res. Corp. v. FERC*, No. 22-1278 (D.C. Cir. Jan. 19, 2023), Doc. 1982168.

3. Order, *U.S. Sugar Corp. v. EPA*, No. 22-1271 (D.C. Cir. Jan. 24, 2023), Doc. 1982791.

4. Order, *United Parcel Serv., Inc. v. Postal Regul. Comm'n*, No. 22-1029 (D.C. Cir. Jan 24, 2023), Doc. 1982873.

5. Order, *Tenaska Clear Creek Wind, LLC*, No. 22-1059 (D.C. Cir. Jan. 26, 2023), Doc. 1983304.

6. Order, *Am. Clean Power Ass'n v. FERC*, No. 22-1301 (D.C. Cir. Jan. 30, 2023), Doc. 1983724.

7. Order, *Food & Water Watch v. FERC*, No. 22-1214 (D.C. Cir. Jan. 31, 2023), Doc. 1984029.

February:

1. Order, *Mercuria Energy Am., LLC v. FERC*, No. 22-1119 (D.C. Cir. Feb. 3, 2023), Doc. 1984549.

2. Order, *Tenaska Clear Creek Wind, LLC v. FERC*, No. 22-1059 (D.C. Cir. Feb. 8, 2023), Doc. 1985111.

3. Order, *T-Mobile USA, Inc. v. NLRB*, No. 22-1310 (D.C. Cir. Feb. 10, 2023), Doc. 1985371.

4. Order, *NCRNC, LLC v. NLRB*, No. 22-1332 (D.C. Cir. Feb. 14, 2023), Doc. 1985871.

5. Order, *U.S. Sugar Corp. v. EPA*, No. 22-1271 (D.C. Cir. Feb. 16, 2023), Doc. 1986284.

6. Order, *United Parcel Serv., Inc. v. Postal Regul. Comm'n*, No. 23-1006 (D.C. Cir. Feb. 22, 2023), Doc. 1987015.

14

7. Order, *Sinclair Wyo. Refining Co. LLC v. EPA*, No. 22-1073 (D.C. Cir. Feb. 22, 2023), Doc. 1987065.

March:

1. Order, *Cal. Pub. Utils. Comm'n v. FERC*, No. 22-1153 (D.C. Cir. Mar. 6, 2023), Doc. 1988730.

2. Order, *Cal. Pub. Utils. Comm'n v. FERC*, No. 22-1154 (D.C. Cir. Mar. 6, 2023), Doc. 1988732.

3. Order, *Cal. Pub. Utils. Comm'n v. FERC*, No. 22-1156 (D.C. Cir. Mar. 6, 2023), Doc. 1988737.

4. Order, *Cal. Pub. Utils. Comm'n v. FERC*, No. 22-1159 (D.C. Cir. Mar. 6, 2023), Doc. 1988740.

5. Order, *Cal. Pub. Utils. Comm'n v. FERC*, No. 22-1167 (D.C. Cir. Mar. 6, 2023), Doc. 1988744.

6. Order, *Cal. Pub. Utils. Comm'n v. FERC*, No. 22-1168 (D.C. Cir. Mar. 6, 2023), Doc. 1988752.

7. Order, *Cal. Pub. Utils. Comm'n v. FERC*, No. 22-1212 (D.C. Cir. Mar. 6, 2023), Doc.1988772.

8. Order, *Cal. Pub. Utils. Comm'n v. FERC*, No. 22-1213 (D.C. Cir. Mar. 6, 2023), Doc. 1988777.

9. Order, *Flat Ridge 5 Wind Energy LLC v. FERC*, No. 23-1004 (D.C. Cir. Mar. 21, 2023), Doc. 1991055.

10. Order, *N.J.Conservation Found. v. FERC*, No. 23-1064 (D.C. Cir. Mar. 22, 2023), Doc. 1991184.

11. Order, *Husky Marketing & Supply Co. v. FERC*, No. 23-1042 (D.C. Cir. Mar. 28, 2023), Doc. 1992083.

12. Order & Amended Order, *Huntsman Petrochem. LLC v. EPA*, No. 23-1045 (D.C. Cir. Mar. 28, 2023), Doc. 1992152.

13. Order, *Huntsman Petrochem. LLC v. EPA*, No. 23-1414 (D.C. Cir. Mar. 28, 2023), Doc. 1992165.

14. Order, *SGCI Holdings III LLC v. FCC*, No. 23-1083 (D.C. Cir. Mar. 29, 2023), Doc. 1992230.

April:

1. Order, *Hikvision USA, Inc. v. FCC*, No. 23-1032 (D.C. Cir. Apr. 3, 2023), Doc. 1992882.

2. Order, *Huntsman Petrochem. LLC v. EPA*, No. 23-1045 (D.C. Cir. Apr. 4, 2023), Doc. 1993185.

3. Order, *Big Rivers Elec. Corp v. FERC*, No. 23-1040 (D.C. Cir. Apr. 11, 2023), Doc. 1994195.

4. Order, *Central Hudson Gas & Elec. Corp. v. FERC*, No. 23-1256 (D.C. Cir. Apr. 24, 2023), Doc. 1996140.

May:

1. Order, *Indep. Power Producers of N.Y., Inc. v. FERC*, No. 23-1051 (D.C. Cir. May 1, 2023), Doc. 1997347.

2. Order, *Brookfield White Pine Hydro LLC v. FERC*, No. 23-1075 (D.C. Cir. May 5, 2023), Doc. 1998117.

3. Order, *Tenaska Clear Creek Wind, LLC v. FERC*, No. 23-1081 (D.C. Cir. May 8, 2023), Doc. 1998361.

4. Order, *Sierra Club v. FERC*, No. 23-1031 (D.C. Cir. May 11, 2023), Doc. 1998870.

5. Order, *Healthy Gulf v. FERC*, No. 23-1069 (D.C. Cir. May 15, 2023), Doc. 1999233.

6. Order, *Energy Arkansas, LLC v. FERC*, No. 23-1335 (D.C. Cir. May 22, 2023), Doc. 2000250.

7. Order & Amended Order, *Consumers' Rsch. v. FCC*, No. 23-1091 (D.C. Cir. May 23, 2023), Docs. 2000348, 2000386.

8. Order, *Citizens Action Coal. of Ind., Inc. v. FERC*, No. 23-1046 (D.C. Cir. May 24, 2023), Doc. 2000615.

9. Order, *NextEra Energy Res., LLC v. FERC*, No. 23-1094 (D.C. Cir. May 25, 2023), Doc. 2000728.

10. Order, *N.J. Conservation Found. v. FERC*, No. 23-1064 (D.C. Cir. May 31, 2023), Doc. 2001327.

June:

1. Order, *Elec. Energy, Inc. v. EPA*, No. 23-1035 (D.C. Cir. June 1, 2023), Doc. 2001581.

16

2. Order, *Consol. Edison Co. of N.Y. v. FERC*, No. 23-1053 (D.C. Cir. June 1, 2023), Doc. 2001591.

3. Order, *Pac. Gas & Elec. Co. v. FERC*, No. 23-1041 (D.C. Cir. June 1, 2023), Doc. 2001603.

4. Order, *Del. Riverkeeper Network v. FERC*, No. 23-1130 (D.C. Cir. June 2, 2023), Doc. 2001832.

5. Order, *Hoosier Env't Council v. EPA*, No. 23-1119 (D.C. Cir. June 6, 2023), Doc. 2002439.

6. Order, *Appalachian Voices v. FERC*, No. 22-1330 (D.C. Cir. June 21, 2023), Doc. 2004323.

7. Order, *Union Pac. R.R. Co. v. Surface Transp. Bd.*, No. 23-1125 (D.C. Cir. June 22, 2023), Doc. 2004616.

July:

1. Order, *RMS of Ga., LLC v. EPA*, No. 22-1025 (D.C. Cir. July 7, 2023), Doc. 2006886.

2. Order, *W. States Trucking Ass'n v. EPA*, No. 23-1143 (D.C. Cir. July 24, 2023), Doc. 2009161.

3. Order, *Paragould Light & Water Comm'n v. FERC*, No. 23-1133 (D.C. Cir. July 25, 2023), Doc. 2009564.

4. Order, *Cap. Power Corp. v. FERC*, No. 23-1134 (D.C. Cir. July 25, 2023), Doc. 2009568.

August:

1. Order, *Utah v. EPA*, No. 23-1157 (D.C. Cir. Aug. 4, 2023), Doc. 2011090.

2. Order, *Utah v. EPA*, No. 23-1157 (D.C. Cir. Aug. 10, 2023), Doc. 2011090.

3. Order, *Lee Cnty. Generating Station, LLC v. FERC*, No. 23-1086 (D.C. Cir. Aug. 10, 2023), Doc. 2011709.

4. Order, *Troy Grove v. NLRB*, No. 23-1164 (D.C. Cir. Aug. 14, 2023), Doc. 2012378.

5. Order, *Starbucks v. NLRB*, No. 23-1171 (D.C. Cir. Aug. 21, 2023), Doc. 2013303.

6. Order, *N.Y. State Pub. Serv. Comm'n v. FERC*, No. 23-1192 (D.C. Cir. Aug. 31, 2023), Doc. 2014825.

September:

1. Order, *Env't Def. Fund v. EPA*, No. 23-1166 (D.C. Cir. Sept. 19, 2023), Doc. 2017812.

2. Order, *Entergy Ark., LLC v. FERC*, No. 22-1334 (D.C. Cir. Sept. 20, 2023), Doc. 2018012.

3. Order, *Tenaska Clear Creek Wind, LLC v. FERC*, No. 23-1081 (D.C. Cir. Sept. 25, 2023), Doc. 2018693.

4. Order, *Constellation Mystic Power, LLC v. FERC*, No. 23-1189 (D.C. Cir. Sept. 26, 2023), Doc. 2018956.

5. Order, *City of Port Isabel v. FERC*, No. 23-1174 (D.C. Cir. Sept. 29, 2023), Doc. 2019581.

6. Order, *City of Port Isabel v. FERC*, No. 23-1175 (D.C. Cir. Sept. 29, 2023), Doc. 2019604.

October:

1. Order, *Ctr. for Biological Diversity v. U.S. Dep't of Energy*, No. 23-1214 (D.C. Cir. Oct. 3, 2023), Doc. 2020082.

2. Order, *N.Y. State Pub. Serv. Comm'n v. FERC*, No. 23-1259 (D.C. Cir. Oct. 3, 2023), Doc. 2020196.

3. Order, *UPS Supply Chain Sols., Inc. v. NLRB*, No. 23-1218 (D.C. Cir. Oct. 5, 2023), Doc. 2020573.

4. Order, *Tri-State Generation & Transmission Ass'n. v. FERC*, No. 23-1217 (D.C. Cir. Oct. 10, 2023), Doc. 2021092.

5. Order, *Healthy Gulf v. FERC*, No. 23-1226 (D.C. Cir. Oct. 11, 2023), Doc. 2021226.

6. Order, *Utah v. EPA*, No. 23-1157 (D.C. Cir. Oct. 11, 2023), Doc. 2021227.

7. Order, *City of Warwick v. FAA*, No. 23-1213 (D.C. Cir. Oct. 11, 2023), Doc. 2021301.

8. Order, *Core Elec. Coop. v. FERC*, No. 23-1219 (D.C. Cir. Oct. 19, 2023), Doc. 2022581.

18

9.  Order, *Serta Simmons Bedding, LLC v. NLRB*, No. 23-1214 (D.C. Cir. Oct. 19, 2023), Doc. 2022588.

10. Order, *Cap. Power Corp. v. FERC*, No. 23-1134 (D.C. Cir. Oct. 19, 2023), Doc. 2022660.

11. Order, *Kimball Wind, LLC v. FERC*, No. 23-1326 (D.C. Cir. Oct. 20, 2023), Doc. 2023107.

12. Order, *IGas Holdings, Inc. v. EPA*, No. 23-1261 (D.C. Cir. Oct. 30, 2023), Doc. 2024390.

November:

1.  Order, *Kentucky v. EPA*, No. 23-1314 (D.C. Cir. Nov. 15, 2023), Doc. 2027156.

2.  Order, *Ctr. for Biological Diversity v. EPA*, No. 23-1177 (D.C. Cir. Nov. 16, 2023), Doc. 2027447.

3.  Order, *Commuter Rail Division of the Reg'l Transp. Auth. v. Surface Transp. Bd.*, No. 23-1274 (D.C. Cir. Nov. 20, 2023), Doc. 2027752.

4.  Order, *Nat'l Mining Ass'n v. EPA*, No. 23-1275 (D.C. Cir. Nov. 30, 2023), Doc. 2029221.