## U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

### CERTIFICATE OF INTERESTED PERSONS
### AND CORPORATE DISCLOSURE STATEMENT (CIP)

American Securities Association, et al.    United States Securities & Exchange Commission    Appeal No. **23-13396**

_____ *vs.* _____

11th Cir. R. 26.1-1(a) (enclosed) requires the appellant or petitioner to file a Certificate of Interested Persons and Corporate Disclosure Statement (CIP) with this court within 14 days after the date the case or appeal is docketed in this court, and to include a CIP within every motion, petition, brief, answer, response, and reply filed.  Also, all appellees, intervenors, respondents, and all other parties to the case or appeal must file a CIP within 28 days after the date the case or appeal is docketed in this court.  **You may use this form to fulfill these requirements.**  In alphabetical order, with one name per line, please list all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

*(please type or print legibly)*:

Baltz, Brian J.
_____

Blask, Ariel
_____

Futures Industry Association
_____

Kumar, Neal
_____

_____

_____

_____

_____

Rev.: 12/16

**FRAP 26.1.    Corporate Disclosure Statement**

(a) Who Must File.  Any nongovernmental corporate party to a proceeding in a court of appeals must file a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.

(b) Time for Filing; Supplemental Filing.  A party must file the Rule 26.1(a) statement with the principal brief or upon filing a motion, response, petition, or answer in the court of appeals, whichever occurs first, unless a local rule requires earlier filing.  Even if the statement has already been filed, the party's principal brief must include the statement before the table of contents.  A party must supplement its statement whenever the information that must be disclosed under Rule 26.1(a) changes.

(c) Number of Copies.  If the Rule 26.1(a) statement is filed before the principal brief, or if a supplemental statement is filed, the party must file an original and 3 copies unless the court requires a different number by local rule or by order in a particular case.

(As added Apr. 25, 1989, eff. Dec. 1, 1989; amended April 30, 1991, eff. Dec. 1, 1991; Apr. 29, 1994, eff. Dec. 1, 1994; Apr. 24, 1998, eff. Dec. 1, 1998; Apr. 29, 2002, eff. Dec. 1, 2002.)

\* \* \* \*

11th Cir. R. 26.1-1 Certificate of Interested Persons and Corporate Disclosure Statement (CIP): Filing Requirements.

(a) Paper or E-Filed CIPs.

(1)    Every party and amicus curiae ("filers") must include a certificate of interested persons and corporate disclosure statement ("CIP") within every motion, petition, brief, answer, response, and reply filed.

(2)    In addition, appellants and petitioners must file a CIP within 14 days after the date the case or appeal is docketed in this court.

(3)    Also, all appellees, intervenors, respondents, and all other parties to the case or appeal must file a CIP within 28 days after the date the case or appeal is docketed in this court, regardless of whether appellants and petitioners have filed a CIP.  If appellants and petitioners have already filed a CIP, appellees, intervenors, respondents, and all other parties may file a notice either indicating that the CIP is correct and complete, or adding any interested persons or entities omitted from the CIP.

(b) Web-based CIP.  On the same day any filer represented by counsel first files its paper or e-filed CIP, that filer must also complete the court's web-based CIP at www.ca11.uscourts.gov.  At the website, counsel for filers will log into the web-based CIP where they will enter stock ("ticker") symbol information for publicly traded corporations to be used by the court in electronically

checking for recusals.  If there is no publicly traded corporation involved, and thus no stock ticker symbol to enter, the filer still must complete the web-based CIP by entering "nothing to declare."

Failure to complete the web-based CIP will delay processing of the motion, case, or appeal, and may result in other sanctions under 11th Cir. R. 26.1-5(c).

The e-filing of a CIP by an attorney registered to use the ECF system does not relieve that attorney of the requirement to complete and keep updated the web-based CIP.  Pro se filers (except attorneys appearing in particular cases as pro se parties) are not required or authorized to complete the web-based CIP.

11th Cir. R. 26.1-2 CIP: Contents.

(a) General.  A CIP must contain a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

In criminal and criminal-related appeals, the CIP must also disclose the identity of any victims. In bankruptcy appeals, the CIP must also identify the debtor, the members of the creditor's committee, any entity which is an active participant in the proceedings, and other entities whose stock or equity value may be substantially affected by the outcome of the proceedings.

(b) CIPs in Briefs.  The CIP contained in the first brief filed must include a complete list of all persons and entities known to that filer to have an interest in the outcome of the particular case or appeal.  The CIP contained in the second and all subsequent briefs filed may include only persons and entities omitted from the CIP contained in the first brief filed and in any other brief that has been filed.  Filers who believe that the CIP contained in the first brief filed and in any other brief that has been filed is complete must certify to that effect.

(c) CIPs in Motions or Petitions.  The CIP contained in each motion or petition filed must include a complete list of all persons and entities known to that filer to have an interest in the outcome of the particular case or appeal.  The CIP contained in a response or answer to a motion or petition, or a reply to a response, may include only persons and entities that were omitted from the CIP contained in the motion or petition.  Filers who believe that the CIP contained in the motion or petition is complete must certify to that effect.

(d) CIPs in Petitions for En Banc Consideration.  In a petition for en banc consideration, the petitioner's CIP must also compile and include a complete list of all persons and entities listed on all CIPs previously filed in the case or appeal prior to the date of filing of the petition for en banc consideration.  Eleventh Circuit Rule 26.1-2(b) applies to all en banc briefs.

11th Cir. R. 26.1-3 CIP: Form.

(a) The CIP must list persons (last name first) and entities in alphabetical order, have only one column, and be double-spaced.

(b) A corporate entity must be identified by its full corporate name as registered with a secretary of state's office and, if its stock is publicly listed, its stock ("ticker") symbol must be provided after the corporate name. If no publicly traded company or corporation has an interest in the outcome of the case or appeal, a statement certifying to that effect must be included at the end of the CIP and must be entered into the web-based CIP.

(c) At the top of each page, the court of appeals docket number and short style must be noted (name of first-listed plaintiff or petitioner v. name of first-listed defendant or respondent). Each page of the CIP must be separately sequentially numbered to indicate the total number of pages comprising the CIP (e.g., C-1 of 3, C-2 of 3, C-3 of 3). These pages do not count against any length limitations imposed on the papers filed.

(d) When being included in a document, the CIP must immediately follow the cover page within a brief, and must precede the text in a petition, answer, motion, response, or reply.

11th Cir. R. 26.1-4 CIP: Amendments. Every filer is required to notify the court immediately of any additions, deletions, corrections, or other changes that should be made to its CIP. A filer must do so by filing an amended CIP with the court and by including an amended CIP with all subsequent filings. A filer:

- must prominently indicate on the amended CIP the fact that the CIP has been amended;

- must clearly identify the person or entity that has been added, deleted, corrected, or otherwise changed; and

- if represented by counsel, must update the web-based CIP to reflect the amendments on the same day the amended CIP is filed.

If an amended CIP that deletes a person or entity is filed, every other party must, within 10 days after the filing of the amended CIP, file a notice indicating whether or not it agrees that the deletion is proper.

11th Cir. R. 26.1-5 Failure to Submit a CIP or Complete the Web-based CIP.

(a) The court will not act upon any papers requiring a CIP, including emergency filings, until the CIP is filed and the web-based CIP is completed, except to prevent manifest injustice.

(b) The clerk is not authorized to submit to the court any brief, petition, answer, motion, response, or reply that does not contain the CIP, or any of those papers in a case or appeal where the web-based CIP has not been completed, but may receive and retain the papers pending supplementation of the papers with the required CIP and pending completion of the web-based CIP.

(c) The failure to comply with 11th Cir. Rules 26.1-1 through 26.1-4 may result in dismissal of the case or appeal under 11th Cir. R. 42-1(b), return of deficient documents without action, or other sanctions on counsel, the party, or both.

Cross-Reference: FRAP 5, 5.1, 21, 27, 28, 29, 35