**No. 23-13396**

# In the
# United States Court of Appeals
## for the Eleventh Circuit

AMERICAN SECURITIES ASSOCIATION, CITADEL SECURITIES, LLC,

*Petitioners,*

versus

U.S. SECURITIES AND EXCHANGE COMMISSION,

*Respondent,*

THE NASDAQ STOCK MARKET, LLC, NASDAQ BX, INC., NASDAQ GEMX, LLC, NASDAQ ISE, LLC, NASDAQ, MRX, LLC, et al.,

*Intervenors.*

—————————————————————

Petition for Review of an Order of the Securities and Exchange Commission
Release No. 34-98290; File No. 4-698

## MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF OF FUTURES INDUSTRY ASSOCIATION IN SUPPORT OF PETITIONERS

NEAL KUMAR
BRIAN J. BALTZ
ARIEL BLASK
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, DC 20006
(202) 303-1000

*Counsel for Amicus Curiae*

 

*American Securities Association, et al. v. U.S. Securities and Exchange Commission*
*Case No. 23-13396*

**Certificate of Interested Persons**
**And Corporate Disclosure Statement**

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-2, the undersigned counsel hereby certifies that no parent corporation and no publicly held corporation has a 10% or greater ownership interest in the Futures Industry Association.

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1, the undersigned certifies that, in addition to the persons listed in the certificate of interested persons filed by the parties, the following persons are known to have an interest in the outcome of this case:

Futures Industry Association (Amicus curiae)

Neal Kumar (Counsel for Amicus curiae)

Brian J. Baltz (Counsel for Amicus curiae)

Ariel Blask (Counsel for Amicus curiae)

By:    */s/ Neal Kumar*
        Neal Kumar

Dated:  February 15, 2024

C1 of C1

Pursuant to Federal Rules of Appellate Procedure 27 and 29(a)(3) and Eleventh Circuit Rule 29-3, the Futures Industry Association moves for leave to file a brief as amicus curiae in support of petitioners American Securities Association and Citadel Securities LLC.

## **Movant's Interests**

The Futures Industry Association ("FIA") is an association of firms, many of whom are broker-dealers, that trade their own capital on exchanges and over the counter in futures, options, and equities markets worldwide.  FIA members engage in manual, automated and hybrid methods of trading, and they are active in a wide variety of asset classes, including equities, fixed income, foreign exchange and commodities.

In this case, the FIA is concerned that the Securities and Exchange Commission ("SEC") failed to satisfy several requirements under the Securities Exchange Act of 1934 ("Exchange Act") in approving the funding model for the consolidated audit trail ("CAT") and the fee schedule for Participant CAT Fees to be charged in accordance with the Executed Share Model.  As professional traders that trade their own capital, member firms of the FIA's Principal Traders Group ("FIA PTG") will be uniquely impacted by the SEC's approval of the Executed Share Model and Proposed Participant Fee Schedule for the CAT (the "Order").

## Reasons for and Relevance of Amicus Participation

The FIA raises arguments related to the harms that the Order will have on its members and the public writ large.  The Order contemplates that the cost of developing, implementing, and maintaining the CAT will be passed through to broker-dealers, which the SEC expects, in many cases, will pass on these costs to their customers.  *See* 88 F.R. 62682.  FIA PTG members are broker-dealers trading their own capital, not that of customers, and therefore will have to absorb these costs.  In response to these increased costs, FIA PTG members will have to adjust their trading activity—harming marking liquidity and efficiency.

The FIA argues that the SEC failed to adequately consider these costs of the CAT and therefore acted arbitrarily and capriciously—in violation of the Administrative Procedure Act—in approving the Order.  Additionally, the FIA emphasizes the that the CAT's budget is set by self-regulatory organizations with minimal SEC oversight and that FIA PTG members and other market participants do not have input into the CAT's budget.  FIA argues that this budgeting process is contrary to key Exchange Act protections and against the public interest.  Further, FIA argues that the SEC acted outside the scope of its statutory authority in creating the CAT, a massive financial surveillance tool with ballooning costs that was never contemplated by Congress.

## **Conclusion**

For the foregoing reasons, amicus respectfully requests that the Court grant leave to file an amicus curiae brief in support of petitioners American Securities Association and Citadel Securities LLC.

Respectfully Submitted,

*/s/ Neal Kumar*
Neal Kumar
Brian J. Baltz
Ariel Blask
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington DC, 20006
202-303-100
NKumar@willkie.com

*Counsel for Amicus Curiae*

## <u>Certificate of Compliance</u>

This document complies with the word limit of Fed. R. App. P. 27(d)(2).  This document contains 458 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word 2016 in 14-point, Times New Roman font.

Dated:  February 15, 2024

*/s/ Neal Kumar*
Neal Kumar

## <u>Certificate of Service</u>

I hereby certify that on February 15, 2024, one copy of the Motion for Leave to File the *Amicus Curiae* Brief of Futures Industry Association was served on all counsel of record via CM/ECF or in some other authorized manner for those counsel orparties who are not authorized to receive electronic Notices of Electronic Filing.

*/s/ Rose E. Olejniczak*
Counsel Press
205 North Michigan Avenue, Suite 810
Chicago, Illinois 60601
(312) 431-0185

Filing and service were performed by direction of counsel