## JONES DAY

51 LOUISIANA AVE. NW  •  WASHINGTON, DC 20001

TELEPHONE: +1.202.879.3939  •  FACSIMILE: +1.202.626.1700

Direct Number:  (202) 879-5485
NJFrancisco@JonesDay.com

May 31, 2024

David J. Smith
Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth St., NW
Atlanta, GA 30303

Re: *American Securities Ass'n v. SEC* (No. 23-13396) – Response to the
SEC's May 28, 2024 Notice of Supplemental Authority

Dear Mr. Smith:

Contrary to the SEC's assertion, nothing in *CFPB v. Community Financial Services Ass'n*, 601 U.S. 416 (2024) (*CFSA*), "forecloses" the argument that the "CAT represents an 'Appropriations Clause end-run' requiring a 'clear statement' from Congress." Notice. If anything, *CFSA* only makes that contention stronger.

As the SEC notes, *CFSA* confirms that *Congress* may, consistent with the Appropriations Clause, expressly adopt "a broad range of funding mechanisms" through "statute," as it did for the CFPB in the Dodd-Frank Act. *Id.* (citing Op. 3). But the question here is whether a nominally independent commission in the *Executive Branch* can order third parties to create and fund the commission's own project completely outside the appropriations process *without* any express authorization from Congress. And as petitioners have consistently argued, it is precisely because "[o]ur Constitution gives *Congress* control over the public fisc," Op. 1 (emphasis added), that the *Executive Branch* cannot do so unless "'*expressly* authorized,'" *OPM v. Richmond*, 496 U.S. 414, 426 (1990) (emphasis added); *see* Pet. Br. 22-23; Reply Br. 8. Nothing in *CFSA* marks a retreat from the fundamental principle that a clear statement from Congress is necessary before the SEC—or any other agency—can create a scheme to fund its own government initiatives.

Nor does *CFSA* support the SEC's claim that the Appropriations Clause is irrelevant here because the CAT is "funded by [the] SROs." Notice. As petitioners explained, the SROs created—and continue to fund—the CAT *only at the SEC's command*, making it very much an SEC "regulatory initiative." *Id.*; *see* Reply 8. Indeed, as the Commission does not deny, its theory would allow it to remove most, if not all, of

JONES DAY

David J. Smith
May 31, 2024
Page 2


its operations—including its most controversial initiatives—from the congressional appropriations process through the simple expedient of conscripting the SROs into service. Reply 8. Nothing in *CFSA* supports such evasion. To the contrary, it would defy the Constitution's command that "Congress controls how funds are spent"—including "'fees'" collected from private parties for government activities—if an agency could unilaterally create and decide to fund its own projects through proxies. Op. 21.


Respectfully submitted,

*/s/ Noel J. Francisco*
Noel J. Francisco
Counsel for Petitioner Citadel Securities LLC

*/s/ J. Michael Connolly*
J. Michael Conolly
Counsel for Petitioner American Securities
Association


cc:  Counsel of Record via CM/ECF

JONES DAY

David J. Smith
May 31, 2024
Page 3

## **CERTIFICATION**

I hereby certify that pursuant to Fed. R. App. P. 28(j), the body of this Letter beginning with the first word after the salutation and ending with the last word before the complimentary close, contains 347 words according to the word-processing software used to prepare this Letter. I also certify that on May 31, 2024, I served a copy of the foregoing on all counsel of record by CM/ECF.

Dated: May 31, 2024

*/s/ Noel J. Francisco*
Noel J. Francisco