No. 23-13396

# In the United States Court of Appeals for the Eleventh Circuit

---

AMERICAN SECURITIES ASSOCIATION;
CITADEL SECURITIES LLC, PETITIONERS

*v.*

U.S. SECURITIES AND EXCHANGE COMMISSION,
RESPONDENT

THE NASDAQ STOCK MARKET, LLC; NASDAQ BX, INC.;
NASDAQ GEMX, LLC; NASDAQ ISE, LLC;
NASDAQ MRX, LLC; ET AL., INTERVENORS

---

*ON PETITION FOR REVIEW OF AN ORDER
OF THE SECURITIES AND EXCHANGE COMMISSION (RELEASE NO. 34-98290)*

---

**BRIEF OF AMICI CURIAE SECURITIES INDUSTRY
AND FINANCIAL MARKETS ASSOCIATION AND VIRTU FINANCIAL, INC.,
IN SUPPORT OF PETITIONERS' OPPOSED TIME-SENSITIVE MOTION
FOR STAY AND INJUNCTIVE RELIEF**

---

LORIN L. REISNER
ERIC E. STERN
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
*1285 Avenue of the Americas*
*New York, NY 10019*
*(212) 373-3000*
*lreisner@paulweiss.com*

KANNON K. SHANMUGAM
WILLIAM T. MARKS
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
*2001 K Street, N.W.*
*Washington, DC 20006*
*(202) 223-7300*
*kshanmugam@paulweiss.com*

*No. 23-13396, American Securities Association v. U.S. Securities and Exchange Commission*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. R. 26.1-1, amici curiae Securities Industry and Financial Markets Association and Virtu Financial, Inc., provide the following list of interested persons:

- Alternative Investment Management Association, *Amicus Curiae*

- Altman, Jennifer G., *Counsel for Intervenors NYSE American, LLC; NYSE Arca, Inc.; NYSE Chicago, Inc.; NYSE National, Inc.; and New York Stock Exchange LLC*

- American Securities Association, *Petitioner*

- ArentFox Schiff, LLP, *Counsel for Intervenors Cboe BYX Exchange, Inc.; Cboe BZX Exchange, Inc.; Cboe C2 Exchange, Inc.; Cboe EDGA Exchange, Inc.; Cboe EDGX Exchange, Inc.; and Cboe Exchange, Inc.*

- Ashbrook Byrne Kresge LLC, *Counsel for Amici Curiae James Overdahl and S.P. Kothari*

- Ballard Spahr, LLP, *Counsel for Intervenors NASDAQ BX, Inc.; NASDAQ GEMX, LLC; NASDAQ ISE, LLC; NASDAQ MRX, LLC; NASDAQ PHLX, LLC; and NASDAQ Stock Market, LLC*

- Barbero, Megan, *Counsel for Respondent*

- Borse Dubai Limited, *Owner of More than 10% of Shares of Nasdaq, Inc.*

*No. 23-13396, American Securities Association v. U.S. Securities and Exchange Commission*

- Boyle, Gregory M., *Counsel for Intervenor Consolidated Audit Trail, LLC*

- Box Exchange LLC, *Member and Participant of Intervenor Consolidated Audit Trail, LLC*

- Cboe BYX Exchange, Inc., *Intervenor*

- Cboe BZX Exchange, Inc., *Intervenor*

- Cboe C2 Exchange, Inc., *Intervenor*

- Cboe EDGA Exchange, Inc., *Intervenor*

- Cboe EDGX Exchange, Inc., *Intervenor*

- Cboe Exchange, Inc., *Intervenor*

- Cboe Global Markets, Inc. (BATS: CBOE), *Direct or Indirect Parent Company of Intervenors Cboe BYX Exchange, Inc.; Cboe BZX Exchange, Inc.; Cboe EDGA Exchange, Inc.; Cboe EDGX Exchange, Inc.; Cboe C2 Exchange, Inc.; and Cboe Exchange, Inc.*

- Citadel Securities GP LLC, *Parent Company of Petitioner Citadel Securities LLC*

- Citadel Securities LLC, *Petitioner*

- Committee on Capital Markets Regulation, *Amicus Curiae*

- Conley, Michael A., *Counsel for Respondent*

- Connolly, John Michael, *Counsel for Petitioner American Securities Association*

*No. 23-13396, American Securities Association v. U.S. Securities and Exchange Commission*

- Consolidated Audit Trail, LLC, *Intervenor*

- Consovoy McCarthy, PLLC, *Counsel for Petitioner American Securities Association*

- Francisco, Noel John, *Counsel for Petitioner Citadel Securities LLC*

- Financial Industry Regulatory Authority, Inc., *Member and Participant of Intervenor Consolidated Audit Trail, LLC*

- Flowers, Benjamin M., *Counsel for Amici Curiae James Overdahl and S.P. Kothari*

- Gershengorn, Ian, *Counsel for Intervenor Consolidated Audit Trail, LLC*

- Greenwalt III, Paul, *Counsel for Intervenors Cboe BYX Exchange, Inc.; Cboe BZX Exchange, Inc.; Cboe C2 Exchange, Inc.; Cboe EDGA Exchange, Inc.; Cboe EDGX Exchange, Inc.; and Cboe Exchange, Inc.*

- Hardin, Tracey A., *Counsel for Respondent*

- Hoyt, Joshua Timothy, *Counsel for Petitioner Citadel Securities LLC*

- Intercontinental Exchange, Inc. (NYSE: ICE), *Indirect Parent of Intervenors NYSE American, LLC; NYSE Arca, Inc.; NYSE Chicago, Inc.; NYSE National, Inc.; and New York Stock Exchange LLC*

- International Securities Exchange Holdings, Inc., *Sole LLC Member of Intervenors Nasdaq GEMX LLC, Nasdaq ISE LLC, and Nasdaq MRX LLC*

*No. 23-13396, American Securities Association v. U.S. Securities and Exchange Commission*

- Investment Company Institute, *Amicus Curiae*

- Investor AB (Nasdaq Stockholm: INVEB), *Owner of More than 10% of Shares of Intervenor Nasdaq, Inc.*

- Investors' Exchange, LLC, *Member and Participant of Intervenor Consolidated Audit Trail, LLC*

- Jenner & Block, LLP, *Counsel for Intervenor Consolidated Audit Trail, LLC*

- Jones Day, *Counsel for Petitioner Citadel Securities LLC*

- Kastenberg, Stephen J., *Counsel for Intervenors NASDAQ BX, Inc.; NASDAQ GEMX, LLC; NASDAQ ISE, LLC; NASDAQ MRX, LLC; NASDAQ PHLX, LLC; and NASDAQ Stock Market, LLC*

- Katsiff, Timothy D., *Counsel for Intervenors NASDAQ BX, Inc.; NASDAQ GEMX, LLC; NASDAQ ISE, LLC; NASDAQ MRX, LLC; NASDAQ PHLX, LLC; and NASDAQ Stock Market, LLC*

- Kennedy, Jordan, *Counsel for Respondent*

- Kothari, S.P., *Amicus Curiae*

- Lantieri III, Paul, *Counsel for Intervenors NASDAQ BX, Inc.; NASDAQ GEMX, LLC; NASDAQ ISE, LLC; NASDAQ MRX, LLC; NASDAQ PHLX, LLC; and NASDAQ Stock Market, LLC*

- Long-Term Stock Exchange, Inc., *Member and Participant of Intervenor Consolidated Audit Trail, LLC*

*No. 23-13396, American Securities Association v. U.S. Securities and Exchange Commission*

- Lucas, Brinton, *Counsel for Petitioner Citadel Securities LLC*

- MacLean, Matthew J., Pillsbury Winthrop Shaw Pittman LLP, *Counsel for Intervenors NYSE American, LLC; NYSE Arca, Inc.; NYSE Chicago, Inc.; NYSE National, Inc.; and New York Stock Exchange LLC*

- Marks, William T., *Counsel for Amici Curiae Securities Industry and Financial Markets Association and Virtu Financial, Inc.*

- Matro, Daniel, *Counsel for Respondent*

- Managed Funds Association, *Amicus Curiae*

- MEMX LLC, *Member and Participant of Intervenor Consolidated Audit Trail, LLC*

- Miami International Securities Exchange LLC, *Member and Participant of Intervenor Consolidated Audit Trail, LLC*

- MIAX Emerald, LLC, *Member and Participant of Intervenor Consolidated Audit Trail, LLC*

- MIAX PEARL, LLC, *Member and Participant of Intervenor Consolidated Audit Trail, LLC*

- Modern Markets Initiative, Inc., *Sponsor Disclosed by Amici Curiae James Overdahl and S.P. Kothari*

- Molzberger, Michael K., *Counsel for Intervenor Cboe BYX Exchange, Inc.; Cboe BZX Exchange, Inc.; Cboe C2 Exchange, Inc.; Cboe EDGA Exchange, Inc.; Cboe EDGX Exchange, Inc.; and Cboe Exchange, Inc.*

*No. 23-13396, American Securities Association v. U.S. Securities and Exchange Commission*

- NASDAQ BX, Inc., *Intervenor*

- NASDAQ GEMX, LLC, *Intervenor*

- Nasdaq, Inc. (Nasdaq: NDAQ), *Sole Owner of LLC Interest in Nasdaq Stock Market, LLC and Nasdaq PHLX LLC and Parent Company of Nasdaq BX, Inc.*

- NASDAQ ISE, LLC, *Intervenor*

- NASDAQ MRX, LLC, *Intervenor*

- NASDAQ PHLX, LLC, *Intervenor*

- NASDAQ Stock Market, LLC, *Intervenor*

- New York Stock Exchange LLC, *Intervenor*

- NYSE American, LLC, *Intervenor*

- NYSE Arca, Inc., *Intervenor*

- NYSE Chicago, Inc., *Intervenor*

- NYSE National, Inc., *Intervenor*

- Overdahl, James, *Amicus Curiae*

- Paul, Weiss, Rifkind, Wharton & Garrison, LLP, *Counsel for Amici Curiae Securities Industry and Financial Markets Association, Alternative Investment Management Association, Committee on Capital Markets Regulation, Investment Company Institute, Managed Funds Association, and Virtu Financial, Inc.*

- Phillips, David, *Counsel for Petitioner Citadel Securities LLC*

*No. 23-13396,* **American Securities Association** v. *U.S. Securities and Exchange Commission*

- Pillsbury Winthrop Shaw Pittman, LLP, *Counsel for Intervenors NYSE American, LLC; NYSE Arca, Inc.; NYSE Chicago, Inc.; NYSE National, Inc.; and New York Stock Exchange LLC*

- Rabbitt, Brian Charles, *Counsel for Petitioner Citadel Securities LLC*

- Reisner, Lorin L., *Counsel for Amici Curiae Securities Industry and Financial Markets Association, Alternative Investment Management Association, Committee on Capital Markets Regulation, Investment Company Institute, Managed Funds Association, and Virtu Financial, Inc.*

- Roth, Yaakov M., *Counsel for Petitioner Citadel Securities LLC*

- Securities Industry and Financial Markets Association, *Amicus Curiae*

- Shanmugam, Kannon K., *Counsel for Amici Curiae Securities Industry and Financial Markets Association, Alternative Investment Management Association, Committee on Capital Markets Regulation, Investment Company Institute, Managed Funds Association, and Virtu Financial, Inc.*

- Stern, Eric E., *Counsel for Amici Curiae Securities Industry and Financial Markets Association and Virtu Financial, Inc.*

- The Nasdaq Stock Market LLC, *Intervenor and Member and Participant of Intervenor Consolidated Audit Trail, LLC*

*No. 23-13396, American Securities Association v. U.S. Securities
and Exchange Commission*

- The Vanguard Group, Inc., *Owner of More than 10% of Common Stock of Cboe Global Markets, Inc. as of June 30, 2023*

- Thoma Bravo UGP, LLC, *Owner of More than 10% of Shares of Nasdaq, Inc.*

- U.S. Securities and Exchange Commission, *Respondent*

- Unikowsky, Adam Granich, *Counsel for Intervenor Consolidated Audit Trail, LLC*

- Virtu Financial, Inc. (VIRT), *Amicus Curiae*

Amici curiae Securities Industry and Financial Markets Association has no parent corporation, and no publicly held company owns 10% or more of its stock.  Amicus curiae Virtu Financial, Inc., is a publicly traded corporation whose common stock is traded on the Nasdaq Stock Market (VIRT).  Virtu has no parent corporation, and no publicly held company owns 10% or more of its stock.

/s/ Kannon K. Shanmugam
KANNON K. SHANMUGAM

# TABLE OF CONTENTS

Page

Interest of amici curiae ................................................................ iii

Introduction.....................................................................................1

Argument.........................................................................................3

    I.     Absent interim relief, there is a serious risk that the

         authority of this Court will be severely impeded ...........................3

    II.    Irreparable harm to industry members is likely

         to result absent the requested relief....................................5

Conclusion........................................................................................8

# TABLE OF AUTHORITIES

## CASES

*Odebrecht Construction, Inc.* v. *Secretary, Florida Department*

    *of Transportation*, 715 F.3d 1268 (11th Cir. 2013) .......................................7

*Philip Morris USA Inc.* v. *Scott*, 561 U.S. 1301 (2010)...................................6, 7

*Weissman* v. *National Association of Securities Dealers, Inc.*,

    500 F.3d 1293 (11th Cir. 2007)..........................................................6

## STATUTE

Securities Exchange Act of 1934, 15 U.S.C. § 78a-78rr .....................................1

## MISCELLANEOUS

88 Fed. Reg. 62,628 (2023) .................................................................1

89 Fed. Reg. 10,506 (2024) .................................................................3

Page

Miscellaneous—continued:

89 Fed. Reg. 10,544 (2024) ........................................................................3

89 Fed. Reg. 11,153 (2024) ........................................................................3

## INTEREST OF AMICI CURIAE

The Securities Industry and Financial Markets Association (SIFMA) is the leading trade association for broker-dealers, investment banks, and asset managers operating in the United States and global capital markets.  On behalf of industry members and their one million employees, SIFMA advocates on legislation, regulation, and business policy affecting retail and institutional investors, equity and fixed-income markets, and related products and services.

Virtu Financial, Inc. (Virtu) is a leading financial firm that leverages cutting-edge technology to deliver liquidity to the global markets and innovative, transparent trading solutions to its clients.  Virtu operates as a market maker across numerous exchanges in the United States and is a member of all United States registered stock exchanges.

Amici have a direct interest in this litigation because the amendments to the National Market System Plan for the Consolidated Audit Trail will subject amici or their members to significant, escalating, and largely uncontrolled fees.[*]

---

[*] Amici curiae state that no counsel for any party authored this brief in whole or in part; no counsel or party contributed money intended to fund the preparation or submission of this brief; and no person other than amici curiae or their counsel contributed money intended to fund its preparation or submission.

## INTRODUCTION

For several months, this Court has been considering a fully briefed challenge to an order of the Securities and Exchange Commission (SEC) establishing the funding model for the Consolidated Audit Trail (CAT). 88 Fed. Reg. 62,628 (2023). The CAT is a massive system for the collection of data on every transaction of equities and exchange-listed options across all markets in the United States. It was designed by 25 self-regulatory organizations, almost all of which are securities exchanges. Those organizations, known as the "participants," proposed to shift the majority of CAT costs to broker-dealers and their investors and customers, retail and institutional investors. Specifically, the funding proposal assigned two-thirds of CAT costs to broker-dealers and one-third to the participants. Petitioners challenged the order in this Court as unlawful, contrary to the requirements of the Securities Exchange Act of 1934, and arbitrary and capricious. Several amici—including amici Securities Industry and Financial Markets Association and Virtu Financial, Inc.—filed briefs in support of petitioners, urging the Court to grant the petition for review and set aside the SEC's order in its entirety.

Despite the challenge being fully briefed and ready for oral argument before this Court, the SEC and the self-regulatory organizations are attempting to implement the challenged order now. The self-regulatory organizations filed revised rules with the SEC implementing the order; beginning in August, the organizations began assessing hundreds of millions in CAT fees to broker-

(1)

dealers, with the earliest invoices due on November 24. Because the rules of the self-regulatory organizations implementing the order are immediately effective absent suspension by the SEC, broker-dealers face an impossible choice: transfer millions of dollars to the self-regulatory organizations (an amount that is likely to be unrecoverable) or risk violating the rules premised on the order.

Without interim relief from this Court, there is a serious risk that the Court's authority will be impeded. The new rules of the self-regulatory organizations, tacitly permitted by the SEC, threaten to defeat the integrity of the judicial process by undermining the practical effect of this Court's ruling on the petition. A stay and injunction should be issued to protect the effectiveness of this Court's ruling on the serious legal issues presented by the petition.

In addition, irreparable harm to industry members is likely to result if the requested relief is not granted. Broker-dealers would be required to make hundreds of millions of dollars of payments to the self-regulatory organizations, which are likely to be unrecoverable even if the challenge to the order prevails. To ensure the integrity of the Court's review and to prevent irreparable injury to broker-dealers, amici respectfully request that the Court grant petitioners' motion for stay and injunctive relief.

## ARGUMENT

### I.    Absent Interim Relief, There Is A Serious Risk That The Authority Of This Court Will Be Severely Impeded

The new rules filed by the self-regulatory organizations threaten to limit the practical impact of this Court's review of the SEC's order approving the CAT funding model, which is fundamentally unlawful.  In fact, that appears to be the goal.

As the self-regulatory organizations have recognized in correspondence with the SEC, if broker-dealers are compelled to pay the newly assessed CAT fees and the "Funding Model Litigation [were] successful," those fees "may not be repaid."  Letter from B. Becker to V. Countryman 45 (June 13, 2024) <tinyurl.com/28dc58p2> (CAT Letter).  In January 2024, however, almost three months after the petition was filed, the self-regulatory organizations pushed ahead in an attempt to collect CAT fees associated with historical costs from broker-dealers by making rule filings that presupposed the legality of the SEC's order and would have been immediately effective.  Fifteen days after the filing, the SEC appropriately exercised its authority to suspend the effectiveness of those filings.  *See, e.g.*, 89 Fed. Reg. 10,506 (2024); 89 Fed. Reg. 10,544 (2024); 89 Fed. Reg. 11,153 (2024).  That suspension had the effect of preserving the status quo while this Court evaluated the order (rather than having such rule filings take immediate effect).

The status quo was upended in August 2024, when dozens of self-regulatory organizations took two actions. *First*, they withdrew the temporarily suspended rule filings concerning historical CAT costs, replacing them with nearly identical filings. *See, e.g.*, SR-CboeBZX-2024-78 (Aug. 22, 2024) <tinyurl.com/bd8ha2jb>. *Second*, they submitted new rule filings to collect CAT fees for the system's 2024 costs. *See, e.g.*, SR-CboeBZX-2024-76 (Aug. 15, 2024) <tinyurl.com/88njj7bz>. The largest self-regulatory organization even sought to shift *all* of its CAT-related costs on to the broker-dealer members. *See* SR-FINRA-2024-14 (Sept. 5, 2024) <tinyurl.com/4fdxbepx> (concerning historical costs); SR-FINRA-2024-12 (Aug. 26, 2024) <tinyurl.com/4tbd7cm6> (concerning prospective costs).

The SEC has declined temporarily to suspend any of the new rule filings despite the urging of broker-dealers as it did with the first set of filings. *See, e.g.*, Letter from Citadel Securities to V. Countryman (Aug. 28, 2024) <tinyurl.com/8m8d49dx>; Letter from Virtu to V. Countryman (Aug. 28, 2024) <tinyurl.com/ms6rw48r>; *see also* Letter from SIFMA to V. Countryman (Aug. 29, 2024) <tinyurl.com/5pp79k9m>. And despite the fact that the new rule filings are substantively indistinguishable from the initial rule filings in terms of their disproportionate allocation of CAT costs to broker-dealers, the SEC has given no reasoned explanation for why it has declined temporarily to suspend the new filings. The seemingly coordinated efforts of the self-

4

regulatory organizations and the SEC to jam through CAT fees imposed on broker-dealers before this Court has the opportunity to rule on the lawfulness of the CAT funding model should not be permitted.

## II.    Irreparable Harm To Industry Members Is Likely To Result Absent The Requested Relief

Under the terms of the Consolidated Audit Trail Reporter Agreement— the standard form agreement that intervenor Consolidated Audit Trail, LLC, has with industry members and participants—"[a]ny fees or other amounts paid by CAT Reporter [*i.e.*, industry members] under this Agreement are non-refundable."  CAT Reporter Agreement <tinyurl.com/w4zmdf2p>.  Accordingly, if the requested relief is not granted, broker-dealers and investors will be forced to pay hundreds of millions of dollars in likely unrecoverable CAT fees before this Court has an opportunity to resolve petitioners' challenge to the SEC's order.

Under the self-regulatory organizations' new rule filings, broker-dealers and investors will be forced into transferring over $320 million to the self-regulatory organizations, and over $60 million by the end of 2024 alone.  *See, e.g.*, SR-CboeBZX-2024-76, at 10; SR-FINRA-2024-12, at 8-9, 12; SR-FINRA-2024-13, at 10-11 (Sept. 5, 2024) <tinyurl.com/227unkrb>; SR-FINRA-2024-14, at 12-13.  In light of their unique legal protections, however, the self-regulatory organizations can be expected to argue that they cannot be compelled

to return any such funds to the broker-dealers even if this Court were to hold that the SEC's order is unlawful.

Courts have determined that self-regulatory organizations have absolute immunity when "they perform their statutorily delegated adjudicatory, regulatory, and prosecutorial functions," and thus "enjoy the same level of immunity as the government itself" when engaged in those activities. *Weissman* v. *National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1296 (11th Cir. 2007) (en banc). Accordingly, the self-regulatory organizations would almost surely argue that they are immune from any lawsuit seeking to recover improperly assessed CAT fees. The organizations constituting the CAT have confirmed as much: "the fees paid for the CAT by [broker-dealers] may not be repaid," even if the CAT "is no longer viable" as a matter of law. CAT Letter 45; *see also* p. 5, *supra* (noting that the CAT Reporter Agreement requires broker-dealers to promise that any fees paid will be "nonrefundable").

The forced and irreversible transfer of over $320 million from the broker-dealers to the self-regulatory organizations constitutes irreparable harm by any measure. For example, in *Philip Morris USA Inc.* v. *Scott*, 561 U.S. 1301 (2010), Justice Scalia, sitting as a Circuit Justice, granted a petition for a stay of a lower court's judgment requiring the defendants to pay over $250 million to fund a court-ordered program. *Id.* at 1301-1302. As Justice Scalia explained, "before this Court will be able to consider and resolve applicants'

6

claims, a substantial portion of the fund established by their payment will be irrevocably expended." *Id.* at 1304. "If expenditures cannot be recouped," Justice Scalia concluded, "the resulting loss may be irreparable." *Id.* This Court has also specifically held that the lack of a monetary remedy against a governmental defendant because of sovereign immunity constitutes irreparable harm. *See Odebrecht Construction, Inc.* v. *Secretary, Florida Department of Transportation*, 715 F.3d 1268, 1289 (2013).

In contrast to the irreparable harm that broker-dealers would encounter absent the requested relief, the SEC will face no cognizable injury from the continuation of the status quo. A stay would have no impact on the SEC's budget. *See* Pet. Br. 10-11, 22-24. In addition, because the CAT can continue to function—as it has for almost a decade—without a final funding plan, there is no risk that the requested relief will impede the SEC's regulatory objectives.

Accordingly, this Court should grant the relief requested by petitioners to maintain the status quo so as to prevent the broker-dealers (and investors) from suffering irreparable harm. In light of the immunity protections for the self-regulatory organizations, any future invalidation of the order would likely provide no practical relief concerning the new rule filings to the broker-dealers if it comes *after* they have been forced to transfer hundreds of millions to the self-regulatory organizations.

## CONCLUSION

Petitioners' motion for stay and injunctive relief should be granted.

                                    Respectfully submitted,

                                    /s/ Kannon K. Shanmugam

LORIN L. REISNER                    KANNON K. SHANMUGAM
ERIC E. STERN                       WILLIAM T. MARKS
PAUL, WEISS, RIFKIND,               PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP              WHARTON & GARRISON LLP
  *1285 Avenue of the Americas*       *2001 K Street, N.W.*
  *New York, NY 10019*                *Washington, DC 20006*
  *(212) 373-3000*                    *(202) 223-7300*
  *lreisner@paulweiss.com*            *kshanmugam@paulweiss.com*

SEPTEMBER 20, 2024

8

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I, Kannon K. Shanmugam, a member of the Bar of this Court and counsel for amici curiae Securities Industry and Financial Markets Association and Virtu Financial, Inc., hereby certify, pursuant to Federal Rule of Appellate Procedure 32(a)(5) and 32(a)(6), that the Brief of Amici Curiae Securities Industry and Financial Markets Association and Virtu Financial, Inc., in Support of Petitioners' Opposed Time-Sensitive Motion for Stay and Injunctive Relief is proportionately spaced, has a typeface of 14 points or more, and contains 1,761 words.

SEPTEMBER 20, 2024

/s/ Kannon K. Shanmugam
KANNON K. SHANMUGAM