**C.A. No. 23-13396**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

---

AMERICAN SECURITIES ASSOCIATION AND CITADEL SECURITIES LLC,

*Petitioners*,

v.

U.S. SECURITIES AND EXCHANGE COMMISSION,

*Respondent*,

THE NASDAQ STOCK MARKET, LLC, ET AL., AND
CONSOLIDATED AUDIT TRAIL, LLC,

*Intervenors*.

---

On Petition for Review of an Order of the
United States Securities and Exchange Commission
SEC Release No. 34-98290

---

**INTERVENOR CONSOLIDATED AUDIT TRAIL, LLC'S
PETITION FOR PANEL REHEARING**

---

Gregory M. Boyle
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 527-0484

Ian Heath Gershengorn
*Counsel of Record*
Adam G. Unikowsky
Jonathan J. Marshall
Sophia W. Montgomery
JENNER & BLOCK LLP
1099 New York Avenue, NW,
  Suite 900
Washington, DC 20001
(202) 639-6000
igershengorn@jenner.com

*American Securities Ass'n v. U.S. Securities & Exchange Commission*, No. 23-13396

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Undersigned counsel represents Intervenor Consolidated Audit Trail, LLC.

Pursuant to Eleventh Circuit Rule 26.1-1 through -3 and Federal Rule of Appellate

Procedure 26.1, undersigned counsel hereby certifies that, to the best of his

knowledge, the following persons and entities have an interest in this case:

1. 24X National Exchange LLC, *Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

2. Alford, Rep. Mark, *Amicus Curiae*;

3. Alternative Investment Management Association, *Amicus Curiae*;

4. Altman, Jennifer G., *Counsel of Record for Intervenors New York Stock Exchange LLC, NYSE American LLC, NYSE Arca, Inc., NYSE Texas, Inc. (formerly known as NYSE Chicago, Inc.), and NYSE National, Inc.*;

5. American Free Enterprise Chamber of Commerce, *Amicus Curiae*;

6. American Securities Association, *Petitioner*;

7. ArentFox Schiff LLP, *Counsel for Intervenors Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc.*;

8. Ashbrook Byrne Kresge LLC, *Counsel for Amici Curiae S.P. Kothari and James Overdahl*;

9. Bacon, Rep. Don, *Amicus Curiae*;

10. Bailey, Andrew, *Counsel for Amicus Curiae State of Missouri*;

11. Ballard Spahr LLP, *Counsel for Intervenors Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, Nasdaq PHLX LLC, and The Nasdaq Stock Market LLC*;

*American Securities Ass'n v. U.S. Securities & Exchange Commission*, No. 23-13396

12.   Baltz, Brian J., *Counsel for Amicus Curiae Futures Industry Association*;

13.   Barbero, Megan, *Counsel for Respondent*;

14.   Barr, William P., *Counsel for Amicus Curiae American Free Enterprise Chamber of Commerce*;

15.   Bash, John F., *Counsel for Amici Curiae Senator Tom Cotton and 21 Other Members of Congress*;

16.   Berman, Ari M., *Counsel for Intervenors New York Stock Exchange LLC, NYSE American LLC, NYSE Arca, Inc., NYSE Texas, Inc. (formerly known as NYSE Chicago, Inc.), and NYSE National, Inc.*;

17.   Berry, Jonathan, *Counsel for Amicus Curiae American Free Enterprise Chamber of Commerce*;

18.   Bird, Brenna, *Counsel for Amicus Curiae State of Iowa*;

19.   Blask, Ariel, *Counsel for Amicus Curiae Futures Industry Association*;

20.   Boden, Anastasia, *Counsel for Amici Curiae Cato Institute and Investor Choice Advocates Network*;

21.   Boozman, Sen. John, *Amicus Curiae*;

22.   Borse Dubai Limited, *Owner of 10% or Greater Interest in Nasdaq, Inc.*;

23.   BOX Exchange LLC, *Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

24.   Boyden Gray PLLC, *Counsel for Amicus Curiae American Free Enterprise Chamber of Commerce*;

25.   Boyle, Gregory M., *Counsel for Intervenor Consolidated Audit Trail, LLC*;

26.   Braun, Sen. Mike, *Amicus Curiae*;

27.   Bronni, Nicholas J., *Counsel for Amici Curiae State of Arkansas*;

28.   Carr, Chris, *Counsel for Amicus Curiae State of Georgia*;

*American Securities Ass'n v. U.S. Securities & Exchange Commission*, No. 23-13396

29.    Cato Institute, *Amicus Curiae and Counsel for Amicus Curiae Investor Choice Advocates Network*;

30.    Cboe BYX Exchange, Inc., *Intervenor and Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

31.    Cboe BZX Exchange, Inc., *Intervenor and Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

32.    Cboe C2 Exchange, Inc., *Intervenor and Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

33.    Cboe EDGA Exchange, Inc., *Intervenor and Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

34.    Cboe EDGX Exchange, Inc., *Intervenor and Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

35.    Cboe Exchange, Inc., *Intervenor and Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

36.    Cboe Global Markets, Inc. (BATS: CBOE), *Indirect Owner of 10% or Greater Interest in Intervenor Consolidated Audit Trail, LLC, and Direct or Indirect Parent Company of Intervenors Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc.*;

37.    Chenoweth, Mark S., *Counsel for Amicus Curiae New Civil Liberties Alliance*;

38.    Citadel Securities GP LLC, *Parent Company of Petitioner Citadel Securities LLC*;

39.    Citadel Securities LLC, *Petitioner*;

40.    Coleman, Russell, *Counsel for Amicus Curiae Commonwealth of Kentucky*;

41.    Collins, Rep. Mike, *Amicus Curiae*;

42.    Committee on Capital Markets Regulation, *Amicus Curiae*;

*American Securities Ass'n v. U.S. Securities & Exchange Commission*, No. 23-13396

43. Commonwealth of Kentucky, *Amicus Curiae*;

44. Commonwealth of Virginia, *Amicus Curiae*;

45. Competitive Enterprise Institute, *Amicus Curiae*;

46. Conley, Michael A., *Counsel for Respondent*;

47. Connolly, J. Michael, *Counsel of Record for Petitioner American Securities Association*;

48. Consolidated Audit Trail, LLC, *Intervenor*;

49. Consovoy McCarthy PLLC, *Counsel for Petitioner American Securities Association*;

50. Cotton, Sen. Tom, *Amicus Curiae*;

51. Cramer, Sen. Kevin, *Amicus Curiae*;

52. Daines, Sen. Steve, *Amicus Curiae*;

53. Deutsch, Elizabeth B., *Counsel for Intervenor Consolidated Audit Trail, LLC*;

54. Financial Industry Regulatory Authority, Inc., *Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

55. Fitch, Lynn, *Counsel for Amicus Curiae State of Mississippi*;

56. Fitzgerald, Rep. Scott, *Amicus Curiae*;

57. Flowers, Benjamin M., *Counsel of Record for Amici Curiae S.P. Kothari and James Overdahl*;

58. Formella, John M., *Counsel for Amicus Curiae State of New Hampshire*;

59. Francisco, Noel J., *Counsel of Record for Petitioner Citadel Securities LLC*;

60. Futures Industry Association, *Amicus Curiae*;

61. Gershengorn, Ian Heath, *Counsel of Record for Intervenor Consolidated Audit Trail, LLC*;

62. Greenberg, Dan, *Counsel for Amicus Curiae Competitive Enterprise Institute*;

63. Greenwalt, Paul E. III, *Counsel of Record for Intervenors Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc.*;

64. Griffin, Tim, *Counsel of Record for Amicus Curiae 23 States*;

65. Hagerty, Sen. Bill, *Amicus Curiae*;

66. Hardin, Tracey A., *Counsel for Respondent*;

67. Hilgers, Michael T., *Counsel for Amicus Curiae State of Nebraska*;

68. Hill, Rep. French, *Amicus Curiae*;

69. Hopen, David A., *Former Counsel for Amici Curiae Alternative Investment Management Association, Committee on Capital Markets Regulation, Investment Company Institute, Managed Funds Association, Securities Industry and Financial Markets Association, and Virtu Financial, Inc.*;

70. Hoyt, Joshua T., *Former Counsel for Petitioner Citadel Securities LLC*;

71. Intercontinental Exchange, Inc. (NYSE: ICE), *Indirect Owner of 10% or Greater Interest in Intervenor Consolidated Audit Trail, LLC, and Indirect Parent Company of Intervenors New York Stock Exchange LLC, NYSE American LLC, NYSE Arca, Inc., NYSE Texas, Inc., and NYSE National, Inc.*;

72. International Securities Exchange Holdings, Inc., *Parent Company of Intervenors Nasdaq GEMX, LLC, Nasdaq ISE, LLC, and Nasdaq MRX, LLC*;

73. Investment Company Institute, *Amicus Curiae*;

74. Investor AB (Nasdaq Stockholm: INVE B), *Owner of 10% or Greater Interest in Nasdaq, Inc.*;

*American Securities Ass'n v. U.S. Securities & Exchange Commission*, No. 23-13396

75.    Investor Choice Advocates Network, *Amicus Curiae*;

76.    Investors Exchange LLC, *Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

77.    Jackley, Marty, *Counsel for Amicus Curiae State of South Dakota*;

78.    Jacobs, Dylan L., *Counsel for Amicus Curiae State of Arkansas*;

79.    Jenner & Block LLP, *Counsel for Intervenor Consolidated Audit Trail, LLC*;

80.    Jones Day, *Counsel for Petitioner Citadel Securities LLC*;

81.    Kastenberg, Stephen J., *Counsel of Record for Intervenors Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, Nasdaq PHLX LLC, and The Nasdaq Stock Market LLC*;

82.    Katsiff, Timothy D., *Counsel for Intervenors Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, Nasdaq PHLX LLC, and The Nasdaq Stock Market LLC*;

83.    Kennedy, Sen. John, *Amicus Curiae*;

84.    Kennedy, Jordan A., *Counsel for Respondent*;

85.    Knudsen, Austin, *Counsel for Amicus Curiae State of Montana*;

86.    Kobach, Kris W., *Counsel for Amicus Curiae State of Kansas*;

87.    Kothari, S.P., *Amicus Curiae*;

88.    Kumar, Neal, *Counsel of Record for Amicus Curiae Futures Industry Association*;

89.    Labrador, Raúl R., *Counsel for Amicus Curiae State of Idaho*;

90.    Lantieri, Paul III, *Counsel for Intervenors Nasdaq BX, Inc., Nasdaq GEMX, LLC, Nasdaq ISE, LLC, Nasdaq MRX, LLC, Nasdaq PHLX LLC, and The Nasdaq Stock Market LLC*;

*American Securities Ass'n v. U.S. Securities & Exchange Commission*, No. 23-13396

91.  Lipshutz, Brian M., *Former Counsel for Amici Curiae Alternative Investment Management Association, Committee on Capital Markets Regulation, Investment Company Institute, Managed Funds Association, Securities Industry and Financial Markets Association, and Virtu Financial, Inc.*;

92.  Little, Margaret A., *Counsel for Amicus Curiae New Civil Liberties Alliance*;

93.  Long-Term Stock Exchange, Inc., *Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

94.  Loudermilk, Rep. Barry, *Amicus Curiae*;

95.  Lucas, Brinton, *Counsel for Petitioner Citadel Securities LLC*;

96.  MacLean, Matthew J., *Counsel for Intervenors New York Stock Exchange LLC, NYSE American LLC, NYSE Arca, Inc., NYSE Texas, Inc. (formerly known as NYSE Chicago, Inc.), and NYSE National, Inc.*;

97.  Managed Funds Association, *Amicus Curiae*;

98.  Marks, William T., *Counsel for Amici Curiae Securities Industry and Financial Markets Association and Virtu Financial, Inc.*;

99.  Marshall, Jonathan J., *Counsel for Intervenor Consolidated Audit Trail, LLC*;

100.  Marshall, Steve, *Counsel for Amicus Curiae State of Alabama*;

101.  Matro, Daniel E., *Counsel of Record for Respondent U.S. Securities and Exchange Commission*;

102.  McCotter, R. Trent, *Counsel of Record for Amicus Curiae American Free Enterprise Chamber of Commerce*;

103.  MEMX LLC, *Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

104.  Miami International Securities Exchange LLC, *Indirect Owner of 10% or Greater Interest in Intervenor Consolidated Audit Trail, LLC;*

*American Securities Ass'n v. U.S. Securities & Exchange Commission*, No. 23-13396

105. MIAX Emerald, LLC, *Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

106. MIAX PEARL, LLC, *Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

107. MIAX Sapphire, LLC, *Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

108. Michael, Christopher G., *Counsel of Record for Amici Curiae Senator Tom Cotton and 21 Other Members of Congress*;

109. Miyares, Jason, *Counsel for Amicus Curiae Commonwealth of Virginia*;

110. Modern Markets Initiative, Inc., *Sponsor of Funding for Brief of Amici Curiae S.P. Kothari and James Overdahl*;

111. Molzberger, Michael K., *Counsel for Intervenors Cboe BYX Exchange, Inc., Cboe BZX Exchange, Inc., Cboe C2 Exchange, Inc., Cboe EDGA Exchange, Inc., Cboe EDGX Exchange, Inc., and Cboe Exchange, Inc.*;

112. Montgomery, Sophia W., *Counsel for Intervenor Consolidated Audit Trail, LLC*;

113. Moody, Ashley, *Counsel for Amicus Curiae State of Florida*;

114. Mooney, Rep. Alex X., *Amicus Curiae*;

115. Moran, Sen. Jerry, *Amicus Curiae*;

116. Morris, Andrew J., *Counsel of Record for Amicus Curiae New Civil Liberties Alliance*;

117. Morrisey, Patrick, *Counsel for Amicus Curiae State of West Virginia*;

118. Murrill, Liz, *Counsel for Amicus Curiae State of Louisiana*;

119. Nabors, David A., *Counsel for Amici Curiae Senator Tom Cotton and 21 Other Members of Congress*;

120. Nasdaq BX, Inc., *Intervenor and Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

*American Securities Ass'n v. U.S. Securities & Exchange Commission*, No. 23-13396

121.  Nasdaq GEMX, LLC, *Intervenor and and Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

122.  Nasdaq, Inc. (Nasdaq: NDAQ), *Parent Company of Intervenors Nasdaq BX, Inc., Nasdaq PHLX LLC, and The Nasdaq Stock Market LLC*;

123.  Nasdaq ISE, LLC, *Intervenor and Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

124.  Nasdaq MRX, LLC, *Intervenor and Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

125.  Nasdaq PHLX LLC, *Intervenor and Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

126.  Nasdaq Stock Market LLC, The, *Intervenor and Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

127.  New Civil Liberties Alliance, *Amicus Curiae*;

128.  New York Stock Exchange LLC, *Intervenor and Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

129.  Norman, Rep. Ralph, *Amicus Curiae*;

130.  NYSE American LLC, *Intervenor and Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

131.  NYSE Arca, Inc., *Intervenor and Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

132.  NYSE National, Inc., *Intervenor and Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

133.  NYSE Texas, Inc., *Plan Participant of Intervenor Consolidated Audit Trail, LLC*;

134.  Oliwenstein, David, *Counsel for Intervenors New York Stock Exchange LLC, NYSE American LLC, NYSE Arca, Inc., NYSE Texas, Inc. (formerly known as NYSE Chicago, Inc.), and NYSE National, Inc.*;

*American Securities Ass'n v. U.S. Securities & Exchange Commission*, No. 23-13396

135. Orr, Caleb, *Counsel for Amicus Curiae American Free Enterprise Chamber of Commerce*;

136. Overdahl, James, *Amicus Curiae*;

137. Paul, Weiss, Rifkind, Wharton & Garrison LLP, *Counsel for Amici Curiae Alternative Investment Management Association, Committee on Capital Markets Regulation, Investment Company Institute, Managed Funds Association, Securities Industry and Financial Markets Association, and Virtu Financial, Inc.*;

138. Paxton, Ken, *Counsel for Amicus Curiae State of Texas*;

139. Phillips, David, *Counsel for Petitioner Citadel Securities LLC*;

140. Pillsbury Winthrop Shaw Pittman LLP, *Counsel for Intervenors New York Stock Exchange LLC, NYSE American LLC, NYSE Arca, Inc., NYSE Texas, Inc. (formerly known as Chicago, Inc.), and NYSE National, Inc.*;

141. Quinn Emanuel Urquhart & Sullivan, LLP, *Counsel for Amici Curiae Senator Tom Cotton and 21 Other Members of Congress*;

142. Rabbitt, Brian C., *Counsel for Petitioner Citadel Securities LLC*;

143. Reisner, Lorin L., *Counsel for Amici Curiae Alternative Investment Management Association, Committee on Capital Markets Regulation, Investment Company Institute, Managed Funds Association, Securities Industry and Financial Markets Association, and Virtu Financial, Inc.*;

144. Reyes, Sean, *Counsel for Amicus Curiae State of Utah*;

145. Ricketts, Sen. Pete, *Amicus Curiae*;

146. Rokita, Theodore E., *Counsel for Amicus Curiae State of Indiana*;

147. Rose, Rep. John, *Amicus Curiae*;

148. Roth, Yaakov M., *Former Counsel for Petitioner Citadel Securities LLC*;

149. Schulp, Jennifer, *Counsel for Amici Curiae Cato Institute and Investor Choice Advocates Network*;

*American Securities Ass'n v. U.S. Securities & Exchange Commission*, No. 23-13396

150. Schwartz, Yishai, *Former Counsel for Amici Curiae Alternative Investment Management Association, Committee on Capital Markets Regulation, Investment Company Institute, Managed Funds Association, Securities Industry and Financial Markets Association, and Virtu Financial, Inc.*;

151. Scott, Sen. Tim, *Amicus Curiae*;

152. Securities Industry and Financial Markets Association, *Amicus Curiae*;

153. Self, Rep. Keith, *Amicus Curiae*;

154. Shanmugam, Kannon K., *Counsel of Record for Amici Curiae Alternative Investment Management Association, Committee on Capital Markets Regulation, Investment Company Institute, Managed Funds Association, Securities Industry and Financial Markets Association, and Virtu Financial, Inc.*;

155. Skorup, Brent, *Counsel of Record for Amici Curiae Cato Institute and Investor Choice Advocates Network*;

156. Sobel, Zachary J., *Counsel for Amici Curiae Senator Tom Cotton and 21 Other Members of Congress*;

157. State of Alabama, *Amicus Curiae*;

158. State of Arkansas, *Amicus Curiae*;

159. State of Florida, *Amicus Curiae*;

160. State of Georgia, *Amicus Curiae*;

161. State of Idaho, *Amicus Curiae*;

162. State of Indiana, *Amicus Curiae*;

163. State of Iowa, *Amicus Curiae*;

164. State of Kansas, *Amicus Curiae*;

165. State of Louisiana, *Amicus Curiae*;

166. State of Mississippi, *Amicus Curiae*;

*American Securities Ass'n v. U.S. Securities & Exchange Commission*, No. 23-13396

167. State of Missouri, *Amicus Curiae*;

168. State of Montana, *Amicus Curiae*;

169. State of Nebraska, *Amicus Curiae*;

170. State of New Hampshire, *Amicus Curiae*;

171. State of North Dakota, *Amicus Curiae*;

172. State of Ohio, *Amicus Curiae*;

173. State of South Carolina, *Amicus Curiae*;

174. State of South Dakota, *Amicus Curiae*;

175. State of Texas, *Amicus Curiae*;

176. State of Utah, *Amicus Curiae*;

177. State of West Virginia, *Amicus Curiae*;

178. Stern, Eric E., *Counsel for Amici Curiae Securities Industry and Financial Markets Association and Virtu Financial, Inc.*;

179. Thoma Bravo LP, *Owner of 10% or Greater Interest in Nasdaq, Inc.*;

180. Torridon Law PLLC, *Counsel for Amicus Curiae American Free Enterprise Chamber of Commerce*;

181. Unikowsky, Adam G., *Counsel for Intervenor Consolidated Audit Trail, LLC*;

182. U.S. Securities and Exchange Commission, *Respondent*;

183. Vanguard Group, Inc., The, *Owner of 10% or Greater Interest in Cboe Global Markets, Inc.*;

184. Virtu Financial, Inc., *Amicus Curiae*;

185. Watkins, Devin, *Counsel of Record for Amicus Curiae Competitive Enterprise Institute*;

*American Securities Ass'n v. U.S. Securities & Exchange Commission*, No. 23-13396

186.  Weber, Rep. Randy, *Amicus Curiae*;

187.  Willkie Farr & Gallagher LLP, *Counsel for Amicus Curiae Futures Industry Association*;

188.  Wilson, Alan, *Counsel for Amicus Curiae State of South Carolina*;

189.  Womack, Rep. Steve, *Amicus Curiae*;

190.  Wrigley, Drew H., *Counsel for Amicus Curiae State of North Dakota*;

191.  Yost, Dave, *Counsel for Amicus Curiae State of Ohio*.

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through -3, undersigned counsel for Intervenor Consolidated Audit Trail, LLC, hereby certifies that Consolidated Audit Trail, LLC, has no parent corporation, and that the following four publicly held companies have an indirect ownership interest in Consolidated Audit Trail, LLC, of 10% or more: Cboe Global Markets, Inc. (BATS: CBOE); Intercontinental Exchange, Inc. (NYSE: ICE); Nasdaq, Inc. (Nasdaq: NDAQ); and Miami International Holdings, Inc. (MIAX).

Date:  September 8, 2025

*/s/ Ian Heath Gershengorn*

Ian Heath Gershengorn

*Counsel of Record for Consolidated Audit Trail, LLC*

CIP-13 of 13

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT .......................................................... C-1

TABLE OF AUTHORITIES................................................................ii

STATEMENT OF ISSUES MERITING PANEL REHEARING.......................iii

INTRODUCTION ..........................................................................1

BACKGROUND ...........................................................................2

ARGUMENT.................................................................................7

CONCLUSION.............................................................................12

CERTIFICATE OF COMPLIANCE.................................................13

i

## TABLE OF AUTHORITIES

CASES

*Board of Trade of Chicago v. SEC*, 883 F.2d 525 (7th Cir. 1989) .......................9

*Buckley v. Valeo*, 424 U.S. 1 (1976) (per curiam) .............................................8

*Landis v. North American Co.*, 299 U.S. 248 (1936).................................... 8, 10

*Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982).........................................................................................8

*Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 459 U.S. 813 (1982) .................................................................................10

OTHER AUTHORITIES

17 C.F.R. § 242.608(a).........................................................................................2

17 C.F.R. § 242.608(b).........................................................................................7

81 Fed. Reg. 84,696 (Nov. 23, 2016)...................................................................3

88 Fed. Reg. 62,628 (Sept. 12, 2023)...................................................................3

Consol. Audit Trail, LLC, 2024 Financial and Operating Budget—Mid-Year Update—July 2024 (July 31, 2024), https://www.cat-nmsplan.com/sites/default/files/2024-08/07.31.24-CAT-LLC-2024-Financial_and_Operating-Budget.pdf ....................................................3

Letter from Brandon Becker, Chair, CAT NMS Plan Operating Comm., to Vanessa Countryman, Sec'y, SEC (June 13, 2024), https://tinyurl.com/28dc58p2..................................................................................3

Letter from Robert Walley, Chair, CAT NMS Plan Operating Comm., to Vanessa Countryman, Sec'y, SEC (Sept. 5, 2025), https://cat-nmsplan.com/sites/default/files/2025-09/09.05.25_Plan_Amendment-2025_CAT_Funding_Model.pdf....................................iii, 2, 7, 9, 10

Proposed Rule Change to Amend FINRA Rule 6897, FINRA, https://www.finra.org/rules-guidance/rule-filings/sr-finra-2025-010..................................................................................................................7

## STATEMENT OF ISSUE MERITING PANEL REHEARING

Whether, given that this Court has already determined that the equities warrant a short stay of the judgment to allow CAT LLC, the Participants, and the SEC to take action to respond to the Court's decision in this appeal, and since CAT LLC has now filed a proposed amendment to the funding model "providing that each Participant agrees not to establish a new fee for passing through its CAT fees,"[1] this Court should extend the stay by 90 days to give the SEC time to act on that proposal consistent with applicable procedural requirements.

---

[1] Letter from Robert Walley, Chair, CAT NMS Plan Operating Comm., to Vanessa Countryman, Sec'y, SEC 4, 95 (Sept. 5, 2025), https://catnmsplan.com/sites/default/files/2025-09/09.05.25_Plan_Amendment-2025_CAT_Funding_Model.pdf.

**INTRODUCTION**

Intervenor Consolidated Audit Trail, LLC (CAT LLC), seeks panel rehearing for a limited purpose. In its Opinion, this Court vacated the 2023 Funding Order that the Securities and Exchange Commission (SEC) had approved to allocate the costs of building and maintaining the Consolidated Audit Trail (CAT)—costs that had previously been borne entirely by the self-regulatory organizations (SROs) that are Participants in CAT LLC. The Court recognized that its vacatur of the 2023 Funding Order "leaves the CAT without a mechanism for the equitable allocation of costs between self-regulatory organizations and broker-dealers," and it recognized that "the Commission and the industry need some time to adjust and react to this reality." Opinion 27. The Court thus stayed its judgment for 60 days from the issuance of the mandate to allow the SEC "to address the appropriate remedy in the first instance." *Id.* at 28.

CAT LLC now requests that the Court modify its decision and extend the stay for an additional 90 days to give the SEC, CAT LLC, and the Participants additional time to address the Court's ruling.[2]

---

[2] Because this Court's opinion addressed the appropriate remedy, CAT LLC has styled this motion as a petition for panel rehearing consistent with Federal Rule of Appellate Procedure 40. If it is the Court's view that a motion under Federal Rule of Appellate Procedure 27 is a more appropriate vehicle for this request, CAT LLC asks that the Court construe this petition as a motion to extend the stay.

Since July 25, CAT LLC and its Participants have been working diligently in coordination with the SEC to respond to this Court's ruling.  CAT LLC has now filed a proposed amendment to the funding model "providing that each Participant agrees not to establish a new fee for passing through its CAT fees."[3] *See* 17 C.F.R. § 242.608(a).  The SEC has authorized CAT LLC to represent that the SEC agrees that extending the stay by 90 days would be appropriate to allow time for public input on CAT LLC's proposal and SEC consideration of that input, as required under Rule 608.  A 90-day extension would also reduce the likelihood of potential uncertainty that could result from an extended gap between funding models.  This Court has already determined that the equities warrant a stay of the judgment to give CAT LLC, its Participants, and the SEC time to respond to the Court's decision.  With CAT LLC's proposed amendment pending, and given the SEC's agreement that an extension is appropriate, the Court should extend its stay of the judgment by 90 additional days to allow the SEC to address this Court's decision without disrupting the funding and operation of the CAT in the meantime.

## BACKGROUND

The background of this request is familiar to the Court.  Briefly, in the wake of the 2010 "flash crash," the SEC ordered the SROs to establish a consolidated audit

---

[3] Letter from Robert Walley, Chair, CAT NMS Plan Operating Comm., to Vanessa Countryman, Sec'y, SEC 4 (Sept. 5, 2025), https://catnmsplan.com/sites/default/files/2025-09/09.05.25_Plan_Amendment-2025_CAT_Funding_Model.pdf (Notice of Filing of Amendment).

trail to ensure that market oversight could keep up with technologically driven changes in trading activity. The SEC approved the proposed plan for the CAT in 2016. 81 Fed. Reg. 84,696, 84,727 (Nov. 23, 2016). The approved plan left open most of the details of how the CAT would be funded. *See id.* at 84,710, 84,795. As a result, until recently, the Participants bore the full cost (over $900 million[4]) of building and operating the CAT on the expectation that they would eventually be reimbursed for some portion of those costs—via fees imposed on broker-dealers—once there was a funding model in place. *See id.* at 84,794.

In September 2023, the SEC approved a funding model for the CAT. The 2023 Funding Order allocated one-third of the CAT fee for each transaction to the Participant, one-third to the buy-side broker-dealer, and one-third to the sell-side broker-dealer. 88 Fed. Reg. 62,628, 62,629-30 (Sept. 12, 2023) (2023 Funding Order). The Order did not prohibit Participants from seeking to directly pass their portion of CAT costs through to broker-dealers, leaving that issue to be resolved in connection with future fee filings that Participants might or might not choose to submit.

---

[4] *See* Letter from Brandon Becker, Chair, CAT NMS Plan Operating Comm., to Vanessa Countryman, Sec'y, SEC 2-3 (June 13, 2024), https://tinyurl.com/28dc58p2; Consol. Audit Trail, LLC, 2024 Financial and Operating Budget—Mid-Year Update—July 2024 (July 31, 2024), https://www.catnmsplan.com/sites/default/files/2024-08/07.31.24-CAT-LLC-2024-Financial_and_Operating-Budget.pdf.

3

Petitioners sought review of the 2023 Funding Order, arguing (as relevant here) that the SEC's failure to address the possibility that broker-dealers would bear *all* CAT costs because of Participant pass-throughs was arbitrary and capricious, and that the SEC's economic analysis was deficient because it neglected to take into account the increased costs of the CAT and the possibility that Participants would seek to directly pass through all of their allocated CAT costs. Petition for Review, Doc. No. 1-2.

In 2024, the Participants submitted filings on behalf of CAT LLC seeking to establish CAT fees covering a portion of broker-dealers' share of both historical and prospective CAT costs, but no Participant other than FINRA sought to pass through any portion of its own one-third share. *See* Opposed Time-Sensitive Motion for Stay and Injunctive Relief, Doc. No. 112-1, at 8 (collecting URLs of fee filings). Petitioners eventually filed a motion in this Court seeking both a stay of the 2023 Funding Order pending resolution of this appeal and an injunction prohibiting CAT LLC from collecting CAT fees until this case was resolved. *Id.* at 1.

CAT LLC opposed the motion, arguing principally that petitioners could not establish irreparable harm, because if this Court ultimately struck down the funding model, the SEC could "account[] for" any overpayments "in setting broker-dealers contributions under a future funding model." CAT LLC's Opposition to Petitioners' Motion for Stay and Injunctive Relief, Doc. No. 119, at 3-4 (CAT LLC Stay Opp'n).

4

CAT LLC also noted that petitioners' requested temporary relief would result in great harm to CAT LLC and the Participants, who had already spent close to a billion dollars funding the CAT on the expectation that such costs would be shared. *Id.* at 4. This Court denied petitioners' motion.

Following oral argument, the Court issued an opinion granting the petition for review, vacating the 2023 Funding Order, and remanding to the SEC for further proceedings. The Court agreed with petitioners on two of their challenges to the 2023 Funding Order. First, the Court determined that the SEC failed to "justif[y] its decision to allow [Participants] to pass all the costs of the system to their members." Opinion 4. Second, the Court held that the SEC's economic analysis in the 2023 Funding Order was deficient because it did not account for either the increase in the CAT's operating costs from 2016 projections or the possibility that the Participants would directly pass through all of their allocated share of CAT costs to broker-dealers. *Id.* at 21.

After announcing its decision on the merits, the Court addressed the appropriate remedy. CAT LLC had argued that if the Court found in petitioners' favor on the merits, it should remand without vacatur or stay vacatur to give the SEC time to address the consequences of the Court's decision. *See id.* at 24. Although acknowledging that "the issue [was] a close one," the Court explained that vacatur was appropriate under the circumstances, because "the 2023 Funding Order's

5

allowance for self-regulatory organizations to pass through 100% of their CAT costs to broker-dealers is a 'serious' deficiency" and was, in the Court's view, "central" to the Funding Order. *Id.* at 26. The Court also agreed with petitioners that "vacating the 2023 Funding Order likely will not trigger serious 'disruptive consequences,'" given that "[t]he CAT ha[d] operated without a funding order since 2016 and will presumably continue to do so." *Id.* at 26-27.

The Court did recognize, however, that "vacating the 2023 Funding Order may cause some uncertainty in the short term," and agreed with CAT LLC that "the equities warrant[ed] a limited stay." *Id.* at 27. Vacatur of the 2023 Funding Order would leave "the CAT without a mechanism for the equitable allocation of costs between [Participants] and broker-dealers, and the Commission and the industry need[ed] some time to adjust and react to this reality." *Id.* The Court thus stayed the issuance of its mandate for 60 days to "afford the Commission an opportunity to conduct the appropriate economic analysis … and reconsider the allocation of historical and prospective CAT costs." *Id.* at 28.

After the Court issued its decision, the Participants immediately initiated both internal discussions and conversations with the SEC to determine how to respond to the Court's decision. No Participant is currently passing through its share of CAT

6

fees.  FINRA has voluntarily withdrawn its pass-through fee.[5]  And on September 5, 2025, CAT LLC proposed to the SEC an amendment to the funding model (i.e., an amendment to the CAT National Market System Plan) reflecting that each Participant agrees not to establish a new fee for passing through its CAT fees.  *See* Notice of Filing of Amendment at 4, 95.  By rule, the SEC must now solicit public comment on CAT LLC's proposal, consider those comments, and determine whether to approve the proposal.  *See* 17 C.F.R. § 242.608(b).  An extension of the stay period would provide time for this process to take its course.

The SEC has authorized CAT LLC to represent that the SEC agrees that extending the stay by 90 days—for a total stay of 150 days from issuance of the mandate—would be appropriate to allow time for public input on CAT LLC's proposal, including from industry participants, and SEC consideration of that input.

## ARGUMENT

The Court should grant panel rehearing to revisit the length of the stay of the judgment in order to allow the SEC, CAT LLC, and the Participants an additional 90 days to respond to this Court's decision in a manner that will avoid disruption and harm to CAT LLC, the Participants, and the public interest.

---

[5] *See* Proposed Rule Change to Amend FINRA Rule 6897, FINRA, https://www.finra.org/rules-guidance/rule-filings/sr-finra-2025-010.

7

As this Court has already recognized in staying its judgment for 60 days following the issuance of the mandate, "[t]he equities warrant a limited stay." Opinion 27. It is now clear, however, that more time is necessary for CAT LLC, the Participants, and the SEC to address the issues this Court identified with respect to the funding model. Based on recent developments, a stay of an additional 90 days would be appropriate.

As this Court's decision makes clear, the Court enjoys broad discretion to stay the judgment to the extent the equities call for a delay. In determining whether a stay is warranted, the Court must "exercise [its] judgment," "weigh[ing] competing interests and maintain[ing] an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Courts tend to find this even balance exists, and a stay is warranted, where a delay is necessary to allow the parties time to address the consequences of the court's holding and to avoid disruption that threatens to undermine the public interest. For example, in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982), after holding unconstitutional a broad statutory grant of jurisdiction to bankruptcy courts, the Supreme Court stayed its judgment for four months to allow Congress to "reconstitute the bankruptcy courts or to adopt other valid means of adjudication, without impairing the interim administration of the bankruptcy laws." *Id.* at 88; *see also, e.g., Buckley v. Valeo*, 424 U.S. 1, 142-43 (1976) (per curiam) (staying judgment to ensure enforcement of constitutional

8

provisions of the challenged statute while Congress worked to adopt valid enforcement mechanisms); *Bd. of Trade of Chi. v. SEC*, 883 F.2d 525, 536 (7th Cir. 1989) ("Because this decision has the potential to unsettle the expectations of the many investors who have traded on the [s]ystem, and to require the closing of all positions Delta has taken or guaranteed, we defer for 120 days after the date of our mandate the effectiveness of our judgment vacating the SEC's order.").

This Court has already explained that "a short stay" is appropriate to "afford the Commission an opportunity to conduct the appropriate economic analysis that was lacking in the 2023 Funding Order and reconsider the allocation of historical and prospective CAT costs in accordance with this opinion." Opinion 28. But when the Court reached that conclusion, it was unclear what exactly the next steps and timeline would be for CAT LLC, the Participants, and the SEC to respond to the Court's decision. Now, CAT LLC has proposed an amendment to the funding model that, if approved by the SEC, will address this Court's concerns regarding the possibility of a complete pass-through by providing that "[e]ach Participant agrees not to establish a new fee for passing through its own CAT fees." Notice of Filing of Amendment at 4, 95. As noted, the SEC agrees that, to satisfy the procedural requirements for considering this proposed amendment, including properly considering public input on the proposed amendment, extending the stay by 90 days

9

is appropriate. Such an extension would also reduce the likelihood of the uncertainty that could result from an extended gap between funding models.

Extending the stay of the judgment in this manner fits comfortably within the Court's discretionary authority and will strike the requisite "even balance" among "competing interests" and stakeholders. *Landis*, 299 U.S. at 254-55; *see N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 459 U.S. 813 (1982) (mem.) (granting request to extend stay of judgment an *additional* 80 days to give Congress more time to act). Implicit in the Court's decision to stay its judgment until 60 days following the issuance of the mandate was the determination that a short delay in the effectiveness of the Court's judgment will not unduly harm petitioners. A 90-day extension of that stay will not pose any further harm to petitioners. In particular, the Court's determination that vacatur was warranted 60 days after issuance of the mandate was driven by the concern that the Participants might pass through their one-third share of costs while a stay was in effect, leaving broker-dealers "without a remedy." Opinion 27. But no Participant is currently passing through its share of CAT fees. Of the Participants, only FINRA previously submitted a fee filing to pass through its share of CAT fees, and it has since voluntarily withdrawn its fee. *Supra* note 3. And, as noted above, CAT LLC has now proposed an amendment reflecting the Participants' agreement not to establish a new fee for doing so in the future. Notice of Filing of Amendment at 4, 95. In any event, as CAT LLC represented in

10

its opposition to petitioners' motion for a stay of the 2023 Funding Order and a temporary injunction against CAT LLC's collection of CAT fees, any "overpayments" that "petitioners make now can be addressed through a revised funding model or adjustments to future fee filings" if necessary. CAT LLC Stay Opp'n at 3; *see also* Response Brief for Intervenor CAT LLC, Doc. No. 97, at 49.

By contrast, the Participants have already spent close to a billion dollars funding the costs of the CAT on the expectation that such costs would be shared. Allowing petitioners to free-ride while CAT LLC and the Participants work with the SEC to develop a funding model that comports with this Court's decision would be deeply inequitable.

Moreover, a gap between funding models threatens to undermine the public interest in comprehensive, continuous oversight of the securities markets because it may result in a lack of funding of the CAT altogether. *See* Opinion 28 (noting that "appropriate relief" should "account for [the] public interest"). This Court has recognized the importance of the CAT to the safe and secure operation of the markets. *See id.* at 6-7. Once this Court's judgment takes effect and the 2023 Funding Order is vacated, the CAT must continue to operate (and thus continue to incur costs). Yet until a new funding model is in place, CAT LLC will have no mechanism to collect fees to actually fund the CAT's ongoing operation. In this

sense, the public's interest in the continued effective operation of the CAT requires a seamless transition to a new funding model.

In short, this Court's "vacatur of the 2023 Funding Order leaves the CAT without a mechanism for the equitable allocation of costs between [Participants] and broker-dealers, and the Commission and the industry need some time to adjust and react to this reality." *Id.* at 28. It is now clear that providing "time to adjust and react" requires an additional 90 days. This modest extension will better accommodate the equities involved and effectuate the objectives this Court identified when it first granted a partial stay.

## CONCLUSION

This Court should grant the petition for panel rehearing and extend the stay of the judgment by 90 days.

Date: September 8, 2025

Respectfully submitted,

*/s/ Ian Heath Gershengorn*

Gregory M. Boyle
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 527-0484

Ian Heath Gershengorn
  *Counsel of Record*
Adam G. Unikowsky
Jonathan J. Marshall
Sophia W. Montgomery
JENNER & BLOCK LLP
1099 New York Avenue, NW,
  Suite 900
Washington, DC 20001
(202) 639-6000
igershengorn@jenner.com

12

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this petition complies with the word limit set forth in Federal Rule of Appellate Procedure 40(d)(3)(A) because this petition, exclusive of the items exempted by Eleventh Circuit Rule 40-4, contains 2,825 words.

I further certify that this petition complies with the typeface and type-style requirements set forth in Federal Rule of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared using 14-point Times New Roman font in Microsoft Office Word 365.

Date:  September 8, 2025                    */s/ Ian Heath Gershengorn*
                                            Ian Heath Gershengorn

                                            *Counsel of Record for Intervenor*
                                             *Consolidated Audit Trail, LLC*